In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-4010

KATHLEEN A. SERWATKA,

*Plaintiff-Appellee*,

*v.*

ROCKWELL AUTOMATION, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06 C 1012—**Lynn Adelman**, *Judge*.

ARGUED MAY 14, 2009—DECIDED JANUARY 15, 2010

Before ROVNER and EVANS, *Circuit Judges*, and
VAN BOKKELEN, *District Judge*.[*]

ROVNER, *Circuit Judge*. Kathleen A. Serwatka filed suit
against her former employer, Rockwell Automation, Inc.
("Rockwell"), under the Americans with Disabilities Act,
42 U.S.C. §§ 12101, *et seq.* (the "ADA"), alleging that

_____

[*] The Honorable Joseph S. Van Bokkelen, of the Northern
District of Indiana, sitting by designation.

Rockwell discharged her because it regarded her as being disabled, despite her ability to perform the essential functions of her job. A jury agreed with Serwatka, answering "Yes" to the following question on the special verdict form: "Did defendant terminate plaintiff due to its perception that she was substantially limited in her ability to walk or stand?" R. 115 at 1. But the jury also answered "Yes" to this follow-up question: "Would defendant have discharged plaintiff if it did not believe she was substantially limited in her ability to walk or stand, but everything else remained the same?" R. 115 at 1-2.

The district court treated the jury's answers to these two questions as a mixed-motive finding, that is, a finding that Rockwell's decision to fire Serwatka was the product of both lawful and unlawful motives. *Serwatka v. Rockwell Automation, Inc.*, 583 F. Supp. 2d 994, 996 (E.D. Wis. 2008). *See generally Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775 (1989). On appeal, Rockwell has taken issue with this characterization of the jury's special verdict, but we have no reason to question the district court's understanding of what the jury found, and, in any event, Rockwell did not make this contention below in its post-trial brief opposing Serwatka's request for relief based on the jury's verdict. R. 122; *see, e.g., Int'l Prod. Specialists, Inc. v. Schwing Am., Inc.*, 580 F.3d 587, 598 (7th Cir. 2009) (arguments not made to the district court are waived). The more pertinent issue is whether the jury's mixed-motive finding entitles Serwatka to judgment in her favor and to the relief that the district court awarded her. Rockwell contends that it does not, given the

provisions of the ADA and the Supreme Court's recent decision in *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009). We agree. Our analysis of this issue begins with *Price Waterhouse*.

In *Price Waterhouse*, a plurality of the Supreme Court recognized that an employer may violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"), when it relies upon one of the grounds that the statute forbids employers from considering in employment decisions (i.e., race, color, religion, sex, or national origin), even if the proscribed criterion was not the sole reason for the employer's decision. "Title VII [was] meant to condemn even those decisions based on a mixture of legitimate and illegitimate considerations." 490 U.S. at 241, 109 S. Ct. at 1785. But in recognition of the balance that Congress struck between eliminating invidious employment discrimination and preserving an employer's prerogative to employ whomever it wishes, the Court's majority also held that an employer would bear no liability for a mixed-motive employment decision if it would have made the same decision absent the illegal motive. *Id.* at 242, 244-45, 258, 109 S. Ct. at 1786, 1787-88, 1795 (plurality); *id.* at 261 n.*, 109 S. Ct. at 1796 n* (White, J., concurring in the judgment); *id.* at 261, 279, 109 S. Ct. at 1796, 1806 (O'Connor, J., concurring in the judgment). The Court assigned the burden of persuasion on that point to the employer. Thus, once a plaintiff has proven that a proscribed criterion played a motivating role in the employer's adverse decision, the employer assumes the burden of proving by a preponderance of the evidence that it would have made the same decision

even if the illegal factor had played no role in its decisionmaking. *See id.* at 258, 109 S. Ct. at 1795 (plurality); *id.* at 259-69, 109 S. Ct. at 1795 (White, J., concurring in the judgment); *id.* at 276, 109 S. Ct. at 1804 (O'Connor, J., concurring in the judgment).

Although *Price Waterhouse* dealt solely with Title VII, lower courts, including our own, have applied its principles to cases brought under other anti-discrimination statutes. *See McNutt v. Bd. of Trustees of U. of Ill.*, 141 F.3d 706, 707 (7th Cir. 1998). The ADA is of course among those statutes. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336-37 (2d Cir. 2000) (Sotomayor, J.) (coll. ADA cases applying *Price Waterhouse* methodology, including *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1033-34 (7th Cir. 1999)); *but see Hedrick v. W. Reserve Case Sys.*, 355 F.3d 444, 457 (6th Cir. 2004) (plaintiff must show that his or her disability was the sole reason for the adverse employment action).

When Congress enacted the Civil Rights Act of 1991, it took two actions with respect to the then-recent *Price Waterhouse* decision that have particular relevance here. Section 107(a) of the Act added a provision to Title VII which expressly deemed unlawful any employment practice motivated by a person's race, color, religion, sex, or national origin, "even though other factors also motivated the practice," thereby codifying that aspect of *Price Waterhouse.* P.L. 102-166, 105 Stat. 1071, 1075, codified at 42 U.S.C. § 2000e-2(m). But whereas the Supreme Court's holding relieved an employer of all liability for a mixed-motive decision once it convinced the factfinder

that it would have taken the same adverse employment action in the absence of the illegal motive, Congress amended Title VII to authorize limited relief to the plaintiff in such cases. Specifically, section 107(b) of the Act added a second provision to the statute stating that in mixed-motive cases, when an employer has shown that it would have taken the same action in the absence of the illegal motive, a court may award the plaintiff both declaratory and injunctive relief, along with her attorney's fees and costs, but may not award damages nor order the plaintiff hired, reinstated to her former position, or promoted. 105 Stat. at 1075-76, codified at 42 U.S.C. § 2000e-5(g)(2)(B).

The enforcement provision of the ADA incorporates certain of the remedies provided for employment discrimination in Title VII:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . . concerning employment.

42 U.S.C. § 12117. Among the provisions of Title VII cross-referenced is section 2000e-5, which, in relevant part and as we have just noted, authorizes a court to award certain types of relief to a plaintiff based on a mixed-motive finding.

In light of the jury's mixed-motive finding here, and section 12117's cross-reference to the remedies authorized by Title VII, the district court concluded that Serwatka

was entitled to no damages, but was entitled to the other sorts of relief authorized by section 2000e-5(g)(2)(B)(i). 583 F. Supp. 2d 994. The court granted Serwatka declaratory relief in its judgment order, which noted that her discharge had been motivated in part by Rockwell's perception that she was disabled. *Id.* at 996-97, 1000; R. 134. It also granted her injunctive relief in the form of a directive that Rockwell place a copy of the judgment in Serwatka's personnel file. 583 F. Supp. 2d at 996-97, 1000. The court found further that Serwatka was entitled to an award of attorney's fees and costs. It reasoned that her suit had "some merit," in view of the jury's mixed-motive finding, and had "served the public purpose of discouraging discrimination in employment." 583 F. Supp. 2d at 998. "Plaintiff also obtained some, although minimal, non-monetary relief." *Id.* But given the modest nature of the relief Serwatka had won and the lack of evidence that Rockwell bore any "unwarranted animus" toward her or had engaged in a pattern of disability discrimination, the court found that she was not entitled to fees for all of the time her attorneys had spent litigating the case nor to all of her costs. *Id.* After determining that Serwatka had reasonably incurred fees and costs in the total amount of $153,290.54, *id.* at 999, the court reduced that total by eighty percent and awarded her fees and costs in the amount of $30,658.11, *id.* at 1000.

Rockwell's appeal challenges both the declaratory and injunctive relief that the district court granted to Serwatka as well as the award of fees and costs. Despite the jury's finding that Rockwell's perception of Serwatka's

limitations played some role in its decision to discharge her, the company contends that the additional finding that it would have terminated Serwatka regardless of that perception compels the entry of judgment in its favor rather than Serwatka's. Rockwell argues that the mixed-motive analysis that the district court relied on as a basis for its decision to grant Serwatka limited relief is inapplicable to the ADA. It raises other arguments as well in its challenge to the forms of relief that the court awarded, but in view of the Supreme Court's opinion in *Gross*, decided shortly after we heard oral argument in this case, the applicability of the mixed-motive framework is the only argument that we need to address.

*Gross* held that because the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), lacks the language found in Title VII expressly recognizing mixed-motive claims, such claims are not authorized by the ADEA. Although such language was also missing from the pre-1991 version of Title VII that the Court had applied in *Price Waterhouse*, the Court found it significant that in the wake of its *Price Waterhouse* decision, Congress had amended Title VII to explicitly authorize mixed-motive discrimination claims. *See* § 2000e-2(m). Congress had also specified a limited set of remedies for such mixed-motive claims in section 2000e-5(g)(2)(B). But Congress had not similarly amended the ADEA. Its failure to do so suggested to the Court that Congress had decided not to authorize mixed-motive claims in age discrimination cases. 129 S. Ct. at 2349. Consequently, the burden-shifting framework that the Court had set forth in *Price Waterhouse* did not apply in ADEA cases. *Id.* at 2349-50. The governing standard instead derived from the

language of the ADEA that forbids an employer from taking adverse action against any individual "*because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis supplied). "The words 'because of' mean 'by reason of: on account of.' Thus, the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." 129 S. Ct. at 2350 (citations omitted). In order to prevail on a claim of disparate treatment under the ADEA, then, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.*; *see also id.* at 2351, 2352. In other words, proof that the plaintiff's age was a motivating factor, but not a determinative factor, in the employer's decision, will not suffice to establish the employer's liability. *See id.* at 2352.

Although the *Gross* decision construed the ADEA, the importance that the court attached to the express incorporation of the mixed-motive framework into Title VII suggests that when another anti-discrimination statute lacks comparable language, a mixed-motive claim will not be viable under that statute. Our recent decision in *Fairley v. Andrews*, which dealt with a First Amendment claim brought under 42 U.S.C. § 1983, reflects that understanding of the Supreme Court's decision: "*Gross* . . . holds that, unless a statute . . . provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law." 578 F.3d 518, 525-26 (7th Cir. 2009), *petition for cert. filed* (U.S. Dec. 21, 2009) (No. 09-745).

Whether the ADA permits a mixed-motive claim (and corresponding relief) therefore turns on the language of

the statute and the presence or absence of text akin to that of Title VII which authorizes mixed-motive claims. The version of the ADA applicable to this case in relevant part provides that "[n]o covered entity shall discriminate against a qualified individual with a disability *because of* the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2008) (emphasis supplied).[1] (The term "disability," of course, is defined to in-

---

[1] Pursuant to the ADA Amendments Act of 2008, Congress has made substantial changes to the ADA which took effect on January 1, 2009. Among other revisions, the language of the statute has been modified to prohibit an employer from discriminating against an individual "*on the basis of* disability." 42 U.S.C. § 12112(a) (2009) (emphasis supplied). Whether "on the basis of" means anything different from "because of," and whether this or any other revision to the statute matters in terms of the viability of a mixed-motive claim under the ADA, are not questions that we need to consider in this appeal. The amendments took effect nearly a year after this case was tried in February 2008 and nearly four and one-half years after Serwatka was discharged in June 2004. To the extent that any of the revisions might support a mixed-motive claim where the language of the prior version of the statute did not, they presumptively would not apply to conduct which took place prior to their effective date absent a clear indication from Congress that the changes were intended to apply retroactively. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S. Ct. 1483, 1505 (1994); *Kiesewetter v. Caterpiller Inc.*, 295 Fed. Appx. 850, 851 (7th Cir. 2008).

clude perceived as well as actual limitations. 42 U.S.C. § 12102(3).) *Gross* makes clear that in the absence of any additional text bringing mixed-motive claims within the reach of the statute, the statute's "because of" language demands proof that a forbidden consideration—here, the employee's perceived disability—was a "but for" cause of the adverse action complained of.

There is no provision in the governing version of the ADA akin to Title VII's mixed-motive provision. *See Parker, supra*, 204 F.3d at 336 ("the ADA includes no explicit mixed-motive provision"); *Foster, supra*, 168 F.3d at 1033 ("Congress omitted the ADA from the purview of Section 107[(a) [of the Civil Rights Act [of 1991]"). The closest thing to such a provision is section 12117(a), which as we have noted makes available to ADA plaintiffs the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9" for Title VII plaintiffs. In that respect, the ADA is different from the ADEA, which lacks a similar cross-reference.[2] Yet, although section 12117(a) cross-references the *remedies* set forth in section 2000e-5(g)(2)(B) for mixed-motive cases, it does not cross-reference the provision of Title VII, section 2000e-2(m), which renders employers *liable* for mixed-motive employment decisions. *See* John L. Flynn, Note, *Mixed-Motive Causation Under the ADA:*

---

[2] The ADEA, *see* 29 U.S.C. § 626(b), instead cross-references the powers, remedies, and procedures of the Fair Labor Standards Act, which itself lacks a mixed-motives provision, *see* 29 U.S.C. § 215.

*Linked Statutes, Fuzzy Thinking, and Clear Statements*, 83 Geo. L. J. 2009, 2042 (1995) ("The motivating factor amendment [to Title VII] is not a power, remedy, or procedure; it is, instead, a substantive standard of liability."). Like the ADEA, the ADA renders employers liable for employment decisions made "because of" a person's disability, and *Gross* construes "because of" to require a showing of but-for causation. Thus, in the absence of a cross-reference to Title VII's mixed-motive liability language or comparable stand-alone language in the ADA itself, a plaintiff complaining of discriminatory discharge under the ADA must show that his or her employer would not have fired him but for his actual or perceived disability; proof of mixed motives will not suffice.

Our decision in *McNutt*, *supra*, 141 F.3d 706, drives this point home. The plaintiff in *McNutt* sued his employer under Title VII, alleging that his job assignments were the product of both race discrimination and retaliation for the assertion of his statutory rights. Although a jury rejected his claim of race discrimination, it did agree that retaliation was a factor in the job assignments he was given. However, the jury also found that he would have been given the same assignments even if retaliation had not figured into his employer's decisionmaking. Based on the jury's mixed-motive finding as to retaliation, the district court granted the plaintiff injunctive relief barring any additional retaliation and awarded the plaintiff his attorney's fees and costs. We vacated the judgment order, concluding that this relief was not authorized by Title VII. Absent from the language added to Title VII by the Civil Rights Act of 1991 was any

recognition that an adverse employment decision motivated in part by retaliation but also by one or more legitimate factors constituted a violation of Title VII; mixed-motive decisions based in part on race, color, religion, sex, and national origin were mentioned in section 2000e-2(m), but mixed-motive decisions based on retaliation were not. *Id.* at 707-08. "The omission of retaliation claims from this new provision affects the relief that courts can grant." *Id.* at 708. Whereas section 2000e-5(g)(2)(B) authorized a court to grant declaratory and injunctive relief and an award of a plaintiff's attorney's fees and costs in the types of mixed-motive cases listed in section 2000e-2(m), the omission of retaliation from that list meant that such relief was unavailable to a plaintiff who had shown that retaliation was a motivating but not a but-for cause of the adverse employment action taken against him. *Id.* at 708-09. We noted in *McNutt* that two other courts of appeals had reached this conclusion, *id.* at 709, and when we subsequently reaffirmed *McNutt*'s holding in *Speedy v. Rexnord Corp.*, 243 F.3d 397, 406-07 (7th Cir. 2001), we noted that additional circuits had reached the same conclusion.

*McNutt* confirms the import of explicit statutory language rendering an employer liable for employment decisions that were motivated in part by a forbidden consideration but which the employer still would have made in the absence of that proscribed motive. In the absence of such language, the limited remedies that Title VII otherwise makes available to plaintiffs in such cases (and which are cross-referenced by the ADA) are foreclosed. Only by proving that a forbidden criterion

was a but-for cause of the decision can the plaintiff avail herself of relief. In that respect, *McNutt* is consistent with the Supreme Court's subsequent decision in *Gross*.

Serwatka did not show that her perceived disability was a but-for cause of her discharge. Although the jury agreed with her that Rockwell's perception of her limitations contributed to the discharge, it also found that Rockwell would have terminated Serwatka notwithstanding the improper consideration of her (perceived) disability. Relief is therefore not available to her under the ADA, and Rockwell was entitled to judgment in its favor. *Cf. McNutt*, 141 F.3d at 709.

The district court certainly cannot be faulted for not anticipating the Supreme Court's decision in *Gross*; our own prior decisions had held that mixed-motive claims were viable under ADA. *See, e.g., Foster*, 168 F.3d at 1033-34. But in view of the Court's intervening decision in *Gross*, it is clear that the district court's decision to award Serwatka declaratory and injunctive relief along with a portion of her attorney's fees and costs cannot be sustained. The relief awarded to Serwatka was premised solely on the jury's mixed-motive finding,[3] and as we

---

[3] There is a separate provision of the ADA granting the district court the discretion to award attorney's fees and costs to a prevailing party other than the United States. 42 U.S.C. § 12205(a). But the court did not rely on this provision in awarding Serwatka a portion of her fees and costs, *see* 583 F. Supp. 2d at 997, and Serwatka herself has never claimed to

(continued...)

have explained, given the lack of a provision in the ADA recognizing mixed-motive claims, such claims do not entitle a plaintiff to relief for disability discrimination.

   The judgment is therefore VACATED, and the case is REMANDED to the district court with directions to enter judgment in favor of Rockwell. The parties shall bear their own costs of appeal.

---

[3] (...continued)
qualify as a prevailing party who is entitled to her fees and costs under this provision. *See* Serwatka Br. 17.

---

1-15-10