E. GRADY JOLLY, Circuit Judge,
dissenting:
For the following two reasons I respectfully dissent. First, the majority effectively creates an unnecessary split in the circuits by failing properly to apply the Supreme Court’s ruling in Gross v. FBL Financial Services, Inc. As the Seventh Circuit has correctly reasoned, without statutory language indicating otherwise, the mixed-motive analysis is no longer applicable outside of Title VII discrimination, and consequently does not apply to this retaliation case. Second, the majority errs in treating this case as a mixed-motive case. This case is pretext, pure and simple: it was tried as a pretext case and relies on pretext evidence.
I.
In Gross, the Supreme Court held, in the context of the ADEA, that the “ordinary meaning” of the statutory words “because of,” which is the specific language in the discrimination statute before us, re *337 quires a showing that the adverse employment action would not have occurred but-for the prohibited discriminatory motive. — U.S. -, 129 S.Ct. 2343, 2350, 174 L.Ed.2d 119 (2009). The Court went on to hold that unless there is a statutory indication to the contrary, this but-for showing — not a mere showing of a discriminatory motive in combination with legal motives — must be made by the plaintiff. Id. at 2351. Thus, applying the law as set out in Gross, to prevail Smith must show more than she has shown here — merely that discrimination was a factor in her discharge; she must show that she would never have been discharged but for the illegal motive of Xerox; that is, she would have kept her job notwithstanding her alleged poor performance. Stated still another way, Smith cannot prevail by simply showing that illegal discrimination was only one of a combination of reasons that resulted in her discharge.
In its treatment of Gross, the majority acknowledges that the statutory language in this Title VII retaliation case is “because” and that “the Gross reasoning could be applied ... to the instant case.” Maj. op. at 328. In my view, by any fair standard the majority must apply it in this case. The majority disagrees, however, asserting the lame distinction that, although the language is identical, Gross was an age discrimination case under the ADEA and the case today is a retaliation case under Title VII. Given the uniform principle set out in Gross, the majority’s distinction is the equivalent of saying that a principle of negligence law developed in the wreck of a green car does not apply to a subsequent case because the subsequent car is red — a meaningless distinction indeed. As the Seventh Circuit has twice explained, after Gross, “unless a statute ... provides otherwise, demonstrating but-for causation is part of the plaintiffs burden in all suits under federal law.” Serwatka v. Rockwell Automation, Inc., 591 F.3d 957, 961 (7th Cir.2010) (emphasis added) (ADA) (citing Fairley v. Andrews, 578 F.3d 518, 525-26 (7th Cir.2009) (42 U.S.C. § 1983)).[1]
The majority also focuses on the Supreme Court’s admonition in Gross not “to apply rules applicable under one statute to a different statute without careful and critical examination.” Gross, 129 S.Ct. at 2349 (internal quotation marks and citation omitted). The majority reads only the first half of this statement without undertaking the “careful and critical examination” as instructed by the Court; instead, it opts for the perfunctory ADEA-Title VII distinction identified above. A careful and fair consideration of the principles underlying the decision in Gross would require the majority to grapple with two *338 realities that mirror the very basis for the decision in Gross: (1) Title VII’s retaliation section, at issue here, lacks the provision of Title VII’s discrimination section that allows mixed-motive cases, and (2) Congress neglected, in 1991, to provide for motivating factor causation in Title VII retaliation even though it amended Title VII in other ways. The majority would have to explain, not gloss over, why these differences between Title VII’s retaliation provision and Title VII’s discrimination provision — differences that were determinative in Gross — are now immaterial in resolving this case involving identical language and the same absence of a proviso authorizing mixed-motive claims. It is only by avoiding a “careful and critical examination” that the majority concludes that Gross does not control our analysis today.
The majority can only further argue that our pre-Gross precedent controls our analysis. But it could hardly be clearer that our prior precedent is predicated on an interpretation of Congress’s 1991 amendments that was rejected as plainly wrong by the Court in Gross.[2] Before Gross, the Supreme Court had interpreted the words “because of’ to “to condemn even those decisions based on a mixture of legitimate and illegitimate considerations,” Price Waterhouse v. Hopkins, 490 U.S. 228, 241, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), and we interpreted Congress’s 1991 amendments as approving of this mixed-motive analysis generally, even though, by their terms, the amendments were limited to Title VII discrimination. We relied on this interpretation in recognizing the mixed-motive analysis in other statutory provisions using the “because of’ language, including Title VII retaliation. See Fabela v. Socorro Independent School Dist., 329 F.3d 409, 415 (5th Cir.2003) (Title VII retaliation); see also Mooney v. Aramco Services Co., 54 F.3d 1207, 1216 (5th Cir.1995) (permitting mixed-motive causation in ADEA claims), abrogated by Gross v. FBL Financial Services, Inc., — U.S. -, 129 S.Ct. 2343, 2351-52, 174 L.Ed.2d 119 (2009).
But the Supreme Court, in Gross, has now rejected this interpretation of the 1991 amendments and in doing so has changed our law. The Supreme Court explained that the “careful[ly] tailor[ed]” amendments made to Title VII in 1991 should be read as limiting the mixed-motive analysis to the statutory provision under which it was codified — Title VII discrimination only, which excludes retaliation, the claim here. Chross, 129 S.Ct. at 2351 n. 5.[3] As the Supreme Court admonished, to read the 1991 amendments as generally blessing the Price Waterhouse analysis would “ignore Congress’ decision” to provide motivating factor causation in only specific types of cases, not in all cases. Id. at 2349. The “because of’ language requires a plaintiff to demonstrate but-for causation. This is the standard that claimants under Title VII’s retaliation provision must meet in the post-Gross world. There is no reason to dismiss this Supreme Court ruling just to be obstinate or to claim some special exemption for the Fifth Circuit.[4]
*339 II.
The second error of the majority is its erroneous conclusion that the case before us is, under any standard, a mixed-motive case. The record shows that Smith challenged Xerox’s asserted reasons for her termination, as pretextual, at every stage of the proceedings. She then relied on this allegation and evidence of pretext to argue that retaliation was a motivating factor for the discharge. In other words, she relied on pretext evidence and arguments to prevail on a mixed-motive theory. The reason for proceeding in this manner is obvious — by doing this she avoided both her burden under McDonnell Douglas of showing but-for causation and her burden under Price Waterhouse of bringing forth substantial evidence of discriminatory animus. In affirming this approach, the majority fails to set out any distinction between mixed-motive and pretext cases. The consequence is that our opinion today thoroughly confuses our precedent on types of cases and methods of proof in Title VII cases, because it allows virtually every pretext case to be given to the jury as a mixed-motive case.
In attempting to distinguish between mixed-motive and pretext cases, the majority states, and, may I respectfully say, not in a particularly helpful way:
Whereas pretext cases involve discernment of the true reason for the employer’s action, which is either legal or illegal, motivating factor cases applying the Price Waterhouse test involve employment decisions based on multiple factors, or mixed motives, at least one of which was illegitimate and prohibited by statute and one of which may have been legitimate.
Maj. op. at 326. I would observe that most decisions, of any kind or sort, are prompted by a melody of motivations from which a dominant motive usually arises to dictate the action taken. This observation includes pretext analysis in discrimination cases, which can encompass a spattering of mixed motives; the employer often alleges several non-prohibited motives for the termination (absenteeism, tardiness, insubordination, prior work — all in the same case), while the employee alleges that each of these motives were illegal because they constitute a pretextual shield for discrimination. In short, the majority is hardly correct in concluding that a search for the one “true reason” characterizes a pretext case. Id.
In any event, pretext and mixed-motive cases are distinctly two different methods of proving discrimination. What is a pretext case? It is a circumstantial case in which the plaintiff prevails by showing that the reason or reasons given for the employer’s adverse action were spurious, which requires no specific showing of illegal animus toward the employee, but only a showing that the employer’s reasons are false or otherwise unsupportable. Because the employer is in the best position to explain the termination, the jury is entitled to infer discrimination once the employer’s explanation is proven false. What is a mixed-motive case? It is a ease in which, although reasons for discharge are *340 valid, i.e., not pretextual, the plaintiff prevails by showing that, notwithstanding the validity of the employer’s stated motives for its actions, still a factor — in combination with valid factors — for the discharge was the motive to illegally discriminate. Given that the alleged pretextual motives are valid, this theory requires a showing of a specific illegal animus toward the employee that factored into the discharge, i.e., not “direct evidence,” but evidence establishing specifically an illicit motive.
Smith’s entire claim in this case was presented to the jury as pretext. Smith alleged that every reason given by Xerox for her termination was pretext for age and gender discrimination or, alternatively, pretext for retaliating against her because of her EEOC charge. Smith did not argue or acknowledge that the reasons for her discharge were valid; she argued that the employer’s reasons were pretextual, i.e., false, an illegal sham. And, both with respect to discrimination and retaliation, the jury was instructed accordingly: “If you disbelieve the reason(s) Defendant has given for its decision, [i.e., pretext,] you may infer Defendant terminated Plaintiff because she engaged in protected activity.”[5] In short, if discrimination in an alleged mixed-motive case must be shown by pretext, it is not a mixed-motive case at all, it is a pretext case.[6] It should be that short and simple.
In sum, I would reverse and vacate the judgment and send the case back to the district court for retrial.

. In Serwatka an employee sued her former employer under the Americans with Disabilities Act, alleging she was discharged because her employer considered her disabled. The jury returned a mixed-motive verdict in favor of the employee and the district court awarded various forms of relief. On appeal, the employer challenged whether the relief afforded by the district court was permissible under the ADA. The Seventh Circuit found that, in the light of Gross, the predicate question of "the applicability of the mixed-motive framework [was] the only argument that [it] need[ed] to address.” 591 F.3d at 961. The court went on to conclude that:
Although the Gross decision construed the ADEA, the importance that the court attached to the express incorporation of the mixed-motive framework into Title VII suggests that when another anti-discrimination statute lacks comparable language, a mixed-motive claim will not be viable under that statute.
Id. at 961. Because "[t]here is no provision in the governing version of the ADA akin to Title VII’s mixed-motive provision,” the Seventh Circuit concluded motivating factor causation is not available in the ADA and plaintiffs carry the burden of demonstrating but-for causation in every case. Id. at 962.

. I cannot help but observe that the majority is more than willing to rely on the broad language of Desert Palace to extend its application from Title VII discrimination to Title VII retaliation, but balks at applying a similar treatment to the broad language in Gross.

. The Gross Court explained that if Congress intended only to limit Price Waterhouse's affirmative defense but leave intact Price Water-house's interpretation of the words "because of,” it would not have felt the need to add § 2000e-2(m); § 2000e-5(g)(2)(B) would have sufficed.

. The majority errs in suggesting we would have to renounce Price Waterhouse in order to reverse our precedent on Title VII in the light *339 of Gross. Price Waterhouse addresses Title VII’s discrimination provision, not Title VII's retaliation provision. However, I should note that the Supreme Court said in Gross that, with respect to Price Waterhouse’s mixed-motive analysis, it is "difficult to apply” and "far from clear that the Court would have the same approach were it to consider the question today in the first instance.” Gross, 129 S.Ct. at 2351-52. The Supreme Court was absolutely correct in its observation that the Price Waterhouse analysis is difficult to apply, as indicated by this case. Even the majority shows signs of frustration: "Illogical or not, that is the law we follow.” Maj. op. at 333.

. If nothing else this language in the jury charge makes obvious that this was presented to the jury as a pretext case.

. Accordingly, we have long required plaintiffs who ask for a mixed-motive instruction to acknowledge the employer’s legitimate motives for discharge. Richardson v. Monitronics Intern., Inc., 434 F.3d 327, 333 (5th Cir.2005) (“The mixed-motive framework applies to cases in which the employee concedes that discrimination was not the sole reason for her discharge, but argues that discrimination was a motivating factor in her termination.”) (first emphasis added). If the inference raised by disputing the employer's justification for termination were competent evidence to justify a mixed-motive instruction, then plaintiffs would, in every case, be able to bootstrap into a mixed-motive instruction without putting forward any additional evidence of discriminatory animus. Every pretext case would be a mixed-motive case, as the majority seems to acknowledge. Maj. op. at 333-34.