NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2010[*]
Decided May 6, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-4123

| | |
|---|---|
| HUNG NAM TRAN, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-228 |
| ROBERT KRIZ and KIMBERLY ROBERTS, <br> *Defendants-Appellees.* | William C. Griesbach, *Judge*. |

**O R D E R**

Hung Nam Tran was confined at the Wisconsin Resource Center (WRC), a medium-security facility that houses sexually violent persons civilly committed under WIS. STAT. Ch. 980. Asserting among other claims that his mail was being withheld in violation of the First Amendment, the appellant brought suit under 42 U.S.C. § 1983 against Kimberly Roberts, a social worker at WRC, and Robert Kriz, a supervisor of WRC's Admissions,

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Treatment, and Pre-Treatment Units.  The district court dismissed some claims and later granted the defendants summary judgment on the First Amendment claim.  We affirm.

In 1991 Hung Nam Tran was convicted of sexually assaulting two children, aged 4 and 5, and sentenced to 20 years' imprisonment.  When the appellant was paroled by the Department of Corrections, he was classified as a sexually violent person and civilly committed to WRC.  He was therefore subject to dual supervision: committed under Chapter 980 and subject to the Department of Corrections' supervision until his maximum discharge date in 2011.

Between July and November 2007 several children's clothing catalogs addressed to the appellant were delivered to the WRC.  Issues of *Out* and *Out Traveler* magazines were also delivered.  The defendants refused to hand over the catalogs, citing his "Rules of Community Supervision" that were revised in July 2007 to prohibit the appellant from possessing any photographs of minors, including those in magazines or catalogs.  The defendants refused to deliver the *Out* magazines because they featured nudity, which the defendants and the appellant's parole officer determined would be inappropriate.

In April 2008, while awaiting parole revocation proceedings, the appellant was temporarily transferred from WRC to the Sturtevant Transitional Facility, which is operated by the Department of Corrections.

The appellant's § 1983 suit contended that the defendants violated the First Amendment by withholding the catalogs and magazines.  He later amended his complaint to add a claim that the defendants improperly transferred him to Sturtevant in retaliation for bringing this suit against them.  His complaint also alleged that Roberts sexually and racially harassed him by propositioning him with photographs of female genitalia, and then directing racial epithets at him when he rejected her advances; that Kriz improperly prevented him from wearing certain T-shirts that he thought offensive and counter-therapeutic; that the defendants wrongly subjected him to two 72-hour segregation assignments; and that all of these actions generally violated the Americans with Disabilities Act and Rehabilitation Act.

The district court screened the appellant's complaint, 28 U.S.C. § 1915, and allowed to go forward only the claims regarding the mail and retaliation.  The appellant moved to compel the defendants to produce documentation relating to his treatment at WRC, but the court denied the motion because the appellant did not confer with the defendants before bringing his motion and he refused to sign a required medical release.  The court then granted defendants' motion for summary judgment, concluding that the prison's withholding of the mail was reasonably related to legitimate penological interests, and that

the appellant presented no admissible evidence to suggest that either Kriz or Roberts was involved in the decision to initiate parole revocation proceedings.

On appeal, the appellant challenges only generally the district court's dismissal of his harassment, clothing-restriction, segregation, ADA, and Rehabilitation Act claims. But these claims were properly dismissed. As the district court noted, the harassment claim failed to state a claim because the appellant alleged only that he was subjected to derogatory language, and such language alone does not give rise to a constitutional claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). The claim that the appellant could not wear certain T-shirts was also properly dismissed because civil detainees are subject to the same sorts of restrictions as convicted prisoners, *see Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003); *Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002), and only restrictions that impose atypical and significant hardships in relation to the ordinary incidents of confinement violate the Constitution, *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Thielman*, 282 F.3d at 484 (applying *Sandin* to Chapter 980 detainees). The appellant's challenge to his temporary segregation similarly failed to state a claim because not only is temporary segregation commonplace (and thus not atypical or significant), *see Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008), but also his complaint admitted to violating rules that warranted the segregation. Finally, the appellant's ADA and Rehabilitation Act claims were properly dismissed because he never alleged that he suffered mistreatment because of a disability. *See Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 962 (7th Cir. 2010).

The appellant next contends that the district court erred during discovery by not compelling the defendants to turn over treatment records and grievances relating to his treatment at WRC, and for failing to sanction the defendants when they refused. *See* FED. R. CIV. P. 37. As the district court properly noted, however, federal law requires that a patient specifically authorize the release of confidential medical information, *see* 42 U.S.C. § 1320d-2; 45 C.F.R. § 164.508; *see Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 924-25 (7th Cir. 2004), and this he failed to do. To the extent that the appellant believed that he needed further discovery to withstand summary judgment, he should have filed a motion under Federal Rule of Civil Procedure 56(f). *See Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (even pro se litigants must follow Rule 56(f)).

As for the grant of summary judgment, the appellant contends that the defendants violated his First Amendment rights because their refusal to deliver the catalogs and magazines served no legitimate penological purpose. He further contends that Kriz and Roberts, who are not licensed psychotherapists, are not qualified to determine whether the magazines and catalogs were detrimental to his therapy and rehabilitation.

The district court properly granted summary judgment because the appellant presented nothing to dispute that regulating these items served a legitimate penological purpose, or that the rules of his community supervision and probation prohibited him from possessing these items. Prisons have great discretion in limiting the reading material of prisoners to promote rehabilitation and safety, *see Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009), and the district court properly found that the restrictions placed on this detainee were reasonably related to these goals, *see, e.g.*, *Waterman v. Farmer*, 183 F.3d 208, 217 (3d Cir. 1999) (upholding prison's refusal to deliver sexually explicit materials to sex offenders). The appellant presented nothing to rebut the defendants' evidence, including an affidavit from a licensed psychotherapist, that both sexually explicit materials and photographs of children can be counter-therapeutic to pedophiles. Nor did he dispute the defendants' evidence that the catalogs presented a security issue because they could be traded with other pedophiles within the institution.

As for the grants of summary judgment on the retaliatory transfer claim, the appellant contends that a fact issue exists concerning whether the suit motivated his transfer. He asserts that he—like other civil detainees who complained about the defendants—was transferred to Department of Corrections custody only after filing suit. But summary judgment was proper because the appellant offered nothing to contradict the defendants' denials that they were involved in the decision to transfer him. Kriz asserted that he was not assigned to the same unit as the appellant at WRC, and Roberts asserted that as a social worker she had no authority to order a transfer. To withstand summary judgment, the appellant needed to present some evidence beyond suspicious timing to show that the defendants were personally involved in the purported retaliation. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010).

AFFIRMED.