Amanda Elizabeth JOHNSON, Plaintiff

v.

**BENTON COUNTY SCHOOL DISTRICT, Defendant.**

**Civil Action No. 3:11CV11.**

United States District Court,
N.D. Mississippi,
Western Division.

Feb. 25, 2013.

Jim D. Waide, III, Waide & Associates, PA, Richard Shane McLaughlin, Mclaughlin Law Firm, Tupelo, MS, for Plaintiff.

Michael Scott Jones, Richard Jarrad Garner, Lindsey Nicole Oswalt, Adams

and Reese LLP, Ridgeland, MS, for Defendant.

### *ORDER*

MICHAEL P. MILLS, Chief Judge.

This cause comes before the court on its own motion, addressing the proposed jury instructions submitted by plaintiff in this case. These proposed instructions present difficult and unsettled issues of law, and, for the reasons discussed below, the court has decided to offer its best analysis of those issues and to thereupon certify this order for interlocutory appeal to the Fifth Circuit.

Following this court's order denying summary judgment, the parties are set to go to trial in less than a week on plaintiff's claims under the Americans With Disabilities Act ("ADA") and Family and Medical Leave Act ("FMLA"). After reviewing plaintiff's proposed jury instructions, and conducting research into the law in this context, this court has come to the conclusion that the basic standard of causation regarding these claims remains unclear in this circuit. In particular, the court concludes that the U.S. Supreme Court's 2009 decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) has left serious questions regarding whether the so-called "mixed-motive" option remains available in FMLA and ADA cases, as it clearly was pre-*Gross*. Accordingly, the court has decided to offer, in this order, its "best guess" regarding which causation standard applies to ADA and FMLA claims post-*Gross*. If the parties are satisfied with this court's conclusions, then they may proceed to trial with jury instructions based thereon. If, however, either party should disagree with these conclusions, then they may file an interlocutory appeal to the Fifth Circuit. This will give the Fifth Circuit an opportunity to clarify the law for the purposes of not only this case, but for all ADA and FMLA cases which are filed in this circuit.

Prior to offering its best guess regarding the applicable causation standard, the court will briefly discuss the history of the mixed-motive option. In employment discrimination cases, the mixed-motive option has its origins in the U.S. Supreme Court's 1989 decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). *Price Waterhouse* allowed plaintiffs to prove a Title VII violation if they could demonstrate that discrimination was a factor, among other factors, for an adverse employment action and the employer failed to establish that it would have made the same decision absent any discrimination. While significant, the impact of *Price Waterhouse* was lessened by the fact that most appellate courts adopted Justice O'Connor's concurrence in the decision, where she opined that direct, rather than circumstantial, evidence of discrimination was required in mixed-motive cases. This generally kept the mixed-motive analysis out of the most common vehicle for circumstantially proving a case of discrimination: the *McDonnell Douglas* burden-shifting framework.

In the Civil Rights Act of 1991, Congress codified the *Price Waterhouse* mixed-motive analysis, with some modifications. 42 U.S.C. § 2000e–2(m) provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." Once the plaintiff has made this showing, an employer cannot escape liability in Title VII cases. However, through the use of a limited affirmative defense, if an employer can demonstrate that it "would have taken the same action in the absence of the

impermissible motivating factor," then it may limit the plaintiff's damages to injunctive relief, declaratory relief, and attorney's fees and costs.

■ Even after the 1991 Act, most appellate courts still followed Justice O'Connor's *Price Waterhouse* concurrence and required plaintiffs to produce direct evidence of discrimination in order to proceed under a mixed-motive theory. *See, e.g., Mohr v. Dustrol, Inc.,* 306 F.3d 636, 640–41 (8th Cir.2002); *Fernandes v. Costa Bros. Masonry, Inc.,* 199 F.3d 572, 580 (1st Cir.1999). The application of the mixed-motive option thus remained somewhat limited in its scope. This changed with the U.S. Supreme Court's 2003 decision of *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), where the Court expressly rejected the "direct evidence" requirement in Title VII mixed-motive cases. The Supreme Court held in *Desert Palace* that, in order to qualify for a mixed-motive instruction, "a plaintiff need only present sufficient evidence [either direct or circumstantial] for a reasonable jury to conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice.' "

In the 2004 decision of *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 309 (5th Cir.2004), the Fifth Circuit responded to *Desert Palace* by expressly incorporating the mixed-motive analysis into the *McDonnell Douglas* standard applicable in this circuit. This gave the mixed-motive option far greater importance in this circuit than had previously been the case. Significantly, the Fifth Circuit applied the mixed-motive option not only in Title VII cases, but in other employment discrimination contexts as well. Indeed, the *Rachid* decision which adopted this approach was an ADEA case, and the Fifth Circuit has

applied the mixed-motive option in FMLA and ADA cases as well. *Richardson v. Monitronics Intern., Inc.,* 434 F.3d 327 (5th Cir.2005); *Pinkerton v. Spellings,* 529 F.3d 513 (5th Cir.2008).

Consistent with this authority, plaintiff has, in this case, submitted proposed instructions which seek to use the mixed-motive option for her FMLA and ADA claims. Specifically, plaintiff seeks to instruct the jury as follows regarding her FMLA claims:

> The court instructs the jury that in order to prevail on her FMLA claim, Amanda Johnson need only prove that her taking medical leave, requesting medical leave or the prospect of such leave, was a motivating factor in the decision to terminate her employment. Amanda Johnson does not have to prove that retaliation was the only reason she was terminated, but merely must prove that retaliation was one of the reasons for her termination.

As to her ADA claims, plaintiff seeks an instruction to the jury that:

> In order for Plaintiff, Amanda Johnson, to prevail on her claim of unlawful discrimination under the Americans with Disabilities Act ("ADA"), she has the burden of proving all the following essential elements by a preponderance of the evidence: . . .
>
> (3) That Amanda Johnson's disability, history of a disability, or Defendant's regarding Johnson as having a disability, was a motivating factor in Defendant's decision to fire Johnson.

Prior to *Gross,* there would have been little question regarding plaintiff's right to these mixedmotive instructions. After *Gross,* however, that right is very much in doubt.

In *Gross,* the Supreme Court cast serious doubt upon the continued availability

of the mixed-motive option in non-Title VII employment discrimination cases. *Gross* involved an ADEA claim, and the Supreme Court held that the *Price Waterhouse* framework was inapplicable to such claims for two reasons. First, the Court found that shifting the burden of persuasion to an age discrimination defendant would be inappropriate since the plain language of the ADEA requires the plaintiff to prove that the defendant took the adverse employment action "because of [the plaintiff's] age." *Gross*, 129 S.Ct. at 2350–51 (quoting 29 U.S.C. § 623(a)(1)). The Court also noted that, in the 1991 Civil Rights Act, Congress had modified Title VII to incorporate a version of the *Price Waterhouse* standard but that it had made no comparable modification to the ADEA (or any other anti-discrimination statute). Secondly, the Supreme Court in *Gross* expressed broader reservations about the wisdom of applying the *Price Waterhouse* framework to ADEA claims.

The Supreme Court noted in *Gross* that it had never definitively applied *McDonnell Douglas* to ADEA claims, and it suggested that *Price Waterhouse* has been difficult to apply in practice and that its cumbersome nature has "eliminated any perceivable benefit to extending its framework to ADEA claims." *Id.* at 2352. Many of the reservations expressed by the Supreme Court in *Gross* are quite arguably applicable to other non-Title VII discrimination claims, including the ADA and FMLA retaliation claims which are presently before this court. To date, the Fifth Circuit has had only limited opportunity to clarify the issues in this context, and the opportunities which it has had have led to considerable disagreement among its judges.

In *Smith v. Xerox Corporation*, 602 F.3d 320 (5th Cir.2010), a divided Fifth Circuit panel held that the mixed-motive option was still available in Title VII retaliation claims, notwithstanding *Gross*. Significantly, the panel majority in *Smith* appeared to place considerable emphasis on the fact that it was dealing with a Title VII case, albeit a Title VII retaliation case, thus providing a better argument for the application of the *Price Waterhouse* framework. Specifically, the panel majority wrote in *Smith* that:

> The Court's comparison of Title VII with the ADEA, and the textual differences between those two statutory schemes, led [the Supreme Court in *Gross* ] to conclude that Title VII decisions like *Price Waterhouse* and *Desert Palace* did not govern its interpretation of the ADEA. *Gross*, 129 S.Ct. at 2349 n. 2. But we are concerned with construing Title VII, albeit in the retaliation context, so those decisions, along with our own precedent recognizing the application of mixed-motive analysis in Title VII retaliation cases, are not unimportant.

*Smith*, 602 F.3d at 329. The Court therefore concluded as follows:

> We conclude therefore that *Gross* did not overrule our prior decisions addressing Title VII retaliation. Because we believe that *Gross* does not unequivocally control whether a mixed-motive jury instruction may be given in a Title VII retaliation case, we must continue to allow the *Price Waterhouse* burden shifting in such cases unless and until the Supreme Court says otherwise. Therefore, we proceed to consider whether the direct evidence requirement of our Title VII retaliation precedent remains valid. In light of *Desert Palace*, we conclude that it does not.

*Id.* at 330. Judge Jolly vigorously dissented to the panel majority's decision in *Smith*, and some other Fifth Circuit judges have since noted their disagree-

ment with the decision and expressed a desire to reconsider it *en banc. See, e.g. Nassar v. University of Texas Southwestern Medical Center,* 688 F.3d 211, 212 (5th Cir.2012)(Smith dissenting).

Ultimately, only the Fifth Circuit can clarify the status of the mixed-motive option in this circuit post-*Gross,* but, at this juncture, this court must make *some* ruling for the purposes of this case. In so doing, the court acknowledges that there are reasonable arguments on both sides of this issue, but it has found authority which it deems persuasive with regard to the availability of the mixed-motive option in ADA and FMLA cases. As it happens, the authority which this court finds persuasive gives a different answer as to each of these causes of action.

■ As to plaintiff's ADA claims, this court finds persuasive recent federal appellate court decisions which hold that the mixed-motive option is no longer available in ADA cases post-*Gross.* In *Serwatka v. Rockwell Automation, Inc.,* 591 F.3d 957 (7th Cir.2010), the Seventh Circuit held that *Gross's* "but for" causation standard applied in ADA cases, writing that:

> There is no provision in the governing version of the ADA akin to Title VII's mixed-motive provision.... Like the ADEA, the ADA renders employers liable for employment decisions made "because of" a person's disability, and *Gross* construes "because of" to require a showing of but-for causation. Thus, in the absence of a cross-reference to Title VII's mixed-motive liability language or comparable stand-alone language in the ADA itself, a plaintiff complaining of discriminatory discharge under the ADA must show that his or her employer

would not have fired him but for his actual or perceived disability; proof of mixed-motives will not suffice.

*Serwatka,* 591 F.3d at 962. In *Lewis v. Humboldt Acquisition Corp., Inc.,* 681 F.3d 312 (6th Cir.2012), the *en banc* Sixth Circuit explicitly agreed with *Serwatka's* analysis, writing that:

> [W]hat standard should trial courts use in instructing juries in ADA cases? *Gross* points the way. The ADEA and the ADA bar discrimination "because of" an employee's age or disability, meaning that they prohibit discrimination that is a " 'but-for' cause of the employer's adverse decision." 557 U.S. at 176, 129 S.Ct. 2343. The same standard applies to both laws.

*Lewis,* 681 F.3d at 321. Similarly, in *Palmquist v. Shinseki,* 689 F.3d 66, 74 (1st Cir.2012), the First Circuit held that *"Gross* is the beacon by which we must steer, and textual similarity ... compels us to reach the same conclusion here." [1]

The issues in this context are rendered somewhat more complex by the fact that the ADA Amendments Act of 2008, which applies to this case, slightly altered the causation language in the statute. 42 U.S.C. § 12112(a) now prohibits an employer from discharging "a qualified individual on the basis of disability," rather than forbidding discrimination "because of" disability. However, this court can not discern any meaningful difference between the two standards, and the Seventh Circuit has continued to apply its holding in *Serwatka* to post-ADA Amendments Act cases. In *Fleishman v. Continental Cas. Co.,* 698 F.3d 598 (7th Cir.2012), for example, the Seventh Circuit noted that:

---

1. The plaintiff in *Palmquist* was suing under the Rehabilitation Act, rather than the ADA, but the First Circuit in *Palmquist* noted that the Rehabilitation Act "borrows" the ADA's

causation standard, and it relied upon ADA authority from other circuits (including *Serwatka* and *Lewis* ) in reaching its decision.

The ADEA makes it unlawful for an employer to "discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1); see also 29 U.S.C. § 631(a) (limiting protections to individuals over forty). Similarly, the ADA prohibits an employer from discharging "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

*Fleishman,* 698 F.3d at 603. The Seventh Circuit thus deemed the two standards to be "similar," and it found the plaintiff's arguments in favor of a mixed-motive instruction to be unsupported by the revised language. This court agrees, and it concludes that *Gross's* "but for" causation standard is applicable to plaintiff's ADA claims, and it intends to so instruct the jury.

The court is cognizant of the fact that there is at least arguably tension between its ruling today and the Fifth Circuit's decision in *Smith.* Indeed, the plaintiff in *Palmquist* cited *Smith* in support of his argument that the mixed-motive option should apply in ADA cases. It is thus significant that the First Circuit found *Smith,* a Title VII retaliation case, to be plainly distinguishable, writing that:

> The plaintiff also seeks succor in *Smith v. Xerox Corp.,* in which the Fifth Circuit wrote that "the *Gross* Court made clear that its focus was on ADEA claims." *Id.* at 330. This is whistling past the graveyard: Smith dealt with a problem altogether different from the one that confronts us here. In that Title VII retaliation case, the court had no occasion to consider or interpret the relationship of either section 2000e–2(m) or section 2000e–5(g)(2)(B) to other statutory provisions. Instead, the court was tasked with deciding whether to reverse its own precedent and follow the *Gross* Court's approach in placing the burden of proving but-for causation on the em-

ployee. The court concluded that *Gross* did not "unequivocally" overrule its past decisions regarding the allocation of burdens in Title VII cases and, thus, it could not depart from the decisions of prior panels holding that an employee satisfies its burden upon showing that retaliation was a motivating factor in the employer's practice. On any reading, *Smith* is a case in which but-for causation is required in order to hold an employer liable. Using *Smith* as the cornerstone of an argument that a Rehabilitation Act plaintiff may obtain mixed-motive remedies in the absence of but-for causation elevates hope over reason.

*Palmquist,* 689 F.3d at 75. Regardless of any disagreement among Fifth Circuit judges, *Smith* remains binding authority upon this court, and the First Circuit's conclusion that the decision is distinguishable from the issues presented in the ADA context gives this court comfort that it is not acting contrary to Fifth Circuit precedent in deciding that the "but for" causation standard applies in ADA cases. Moreover, as noted previously, the panel majority in *Smith* emphasized that it was dealing with Title VII retaliation claims, thus providing a better analogy for the application of the *Price Waterhouse* framework, and thus rendering it even more clearly distinguishable from this case. Therefore, this court is confident that it is not acting contrary to *Smith* in agreeing with three federal appellate courts that a "but for" causation standard is applicable in ADA claims.

■ As to plaintiff's FMLA retaliation claim, the court finds persuasive the view of the Sixth Circuit in *Hunter v. Valley View Local Schools,* 579 F.3d 688 (6th Cir.2009) that specific language in FMLA regulations supports the continued applicability of the mixed-motive option post-

*Gross.* Specifically, the Sixth Circuit in *Hunter* wrote as follows:

> Congress delegated authority to the Secretary of the Department of Labor to prescribe regulations to implement the FMLA. *See* 29 U.S.C. § 2654. Among those regulations is the following: ... By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies. 29 C.F.R. § 825.220(c) (emphasis added). Thus, the implementing regulations explicitly forbid an employer from considering an employee's use of FMLA leave when making an employment decision. The phrase "a negative factor" envisions that the challenged employment decision might also rest on other, permissible factors.

*Hunter,* 579 F.3d at 692. The Sixth Circuit in *Hunter* thus found that, since FMLA regulations forbid using the taking of FMLA leave as "a negative factor in employment actions," this provides a sufficient legal basis to continue to apply the mixed-motive option in FMLA cases, *Gross* notwithstanding. That is, the Sixth Circuit wrote that:

> In light of our reading of the FMLA through the lens provided by *Gross,* we continue to find *Price Waterhouse's* burden-shifting framework applicable to FMLA retaliation claims. Accordingly, if [plaintiff] has presented evidence to establish that Valley View discriminated against her because of her FMLA leave, then the burden shifts to Valley View "to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive."

*Id.*

This court agrees with the Sixth Circuit's analysis, since the FMLA's prohibition against the taking of FMLA leave being used as a "a negative factor" in employment decisions does seem consistent with allowing plaintiffs to prove their case under a mixed-motive option. This holding is not necessarily in conflict with an application of the "but for" causation standard in ADA cases, as evidenced by the fact that the Sixth Circuit adopted both approaches in *Lewis* and *Hunter.* While there are, no doubt, reasonable arguments in favor of a different interpretation of the law, this court is required to make some interpretation of the law in this context, and it finds the aforementioned holdings to make the most sense. This court's ruling today also has the arguable benefit of giving both sides to this litigation a ruling which they may appeal to the Fifth Circuit. Ultimately, this court is less concerned with what approach the Fifth Circuit adopts in this context than with the urgent need for some clarification of the governing law.

As things stand now, district courts in this circuit simply have no clear idea how they should instruct juries regarding what causation standard is applicable in some of the most important employment discrimination causes of action. This is a problem in urgent need of a solution. Indeed, another judge in this district has recently noted the lack of clarity in the law in this context. In *Linzy v. Sara Lee Corp.,* 2012 WL 1190907 (N.D.Miss. Apr. 10, 2012), Judge Aycock last year wrote that "the Fifth Circuit, while previously extending the mixed-motive framework to FMLA cases, has not expressly addressed the issue in light of the *Gross* decision," and she expressed her intention to decide at trial whether the mixed-motive option applied in FMLA cases. Judge Aycock did quote the Sixth Circuit's holding in *Hunter* at some length, and with apparent approval,

but she found it unnecessary to decide at that time whether to follow the Sixth Circuit's approach.

This court could likewise go to trial and make its best guess regarding the appropriate causation standard, but it concludes that the law in this circuit would be best served by at least giving the Fifth Circuit an opportunity to clarify the governing law. This court is also aware that in *Nassar*, a number of Fifth Circuit judges expressed a desire to have the *en banc* court consider the issue of *Gross's* impact upon the availability of the mixed-motive option in this circuit. The Fifth Circuit may well decide that this is not the proper case in which to consider these issues, and the parties may choose to not even file an interlocutory appeal. Indeed, they may prefer to settle this case before trial, in which case a clarification of the governing causation standard will be unnecessary.

As always, the court encourages the parties to settle their differences amicably. If, however, they intend to go to trial on plaintiff's ADA and FMLA claims, then it seems far better to know the governing causation standard going in. The court is aware of the fact that a court's order on its own motion addressing proposed jury instructions is an unusual procedural context in which to assert an interlocutory appeal. The Fifth Circuit may conclude that this fact supports not considering these issues on interlocutory appeal, in which case this court will simply proceed to trial on the basis of the conclusions of law set forth in this order.

In light of the foregoing, the court orders that plaintiff's request for a mixed-motive instruction is denied as to her ADA claim and granted as to her FMLA claim. This court may certify an order for immediate appeal if it is "of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This court has very rarely chosen to certify an issue for interlocutory appeal, but it concludes, for the reasons previously stated, that the issues discussed in this order are urgently in need of clarification. Moreover, it can scarcely be doubted that a clarification of the governing causation standard "would materially advance the ultimate termination of the litigation." Indeed, the court views the applicable causation standard as being of the utmost importance in this case, since plaintiff appears to have a legitimate argument that she was terminated both on the basis of her disability and because she had exercised her rights under the FMLA. Under these circumstances, whether plaintiff is required to prove "but for" causation, or whether a "motivating factor" standard of causation is applicable could well be dispositive.

Accordingly, pursuant to the discretionary authority granted by 28 U.S.C. § 1292(b), this court certifies that its order today involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Under § 1292(b), either party has ten days in which to file an interlocutory appeal with the Fifth Circuit, but, in light of the rapidly approaching trial date, the court requests that the parties notify it as soon as practicable regarding whether they intend to do so.