[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2012
JOHN LEY
CLERK

No. 10-13214

D. C. Docket No. 0:08-cv-62005-CMA

ANGELEKE SARIDAKIS,

                                        Plaintiff-Appellant,

                    versus

SOUTH BROWARD HOSPITAL DISTRICT,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(March 29, 2012)

Before DUBINA, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Angeleke Saridakis brought this action in the district court against her employer, South Broward Hospital District ("SBHD"), for retaliation under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992 ("FCRA"), and the Equal Pay Act ("EPA") in relation to allegations of unequal pay and the non-renewal of her employment contract. The jury returned a verdict in favor of SBHD and the district court entered a judgment on the jury's verdict in favor of SBHD. We affirm.

## I.

Saridakis worked for SBHD as a trauma surgeon. After her contract was not renewed in August 2006, Saridakis filed suit against SBHD asserting claims of sex discrimination as to her pay and the non-renewal of her contract in violation of Title VII and the FCRA; retaliation in violation of Title VII, the FCRA, and the EPA; and violation of the EPA.

On December 15, 2009, the parties filed joint proposed jury instructions. Trial was held from March 2 to March 16, 2010. The parties submitted initial proposed verdict forms during the course of the trial. Saridakis's initial proposed verdict form posed the following questions:

Do you find from a preponderance of the evidence:

2

> 1. That Angeleke Saridakis engaged in a statutorily protected activity under Federal and State law?
> 2. That [SBHD] subjected Angeleke Saridakis to an adverse employment action, at least in part, that was causally related to her protected activity?

[R. 211-1 (Exh. A) at 3–4.] SBHD's initial proposed verdict form posed a different causation question and added a same-decision defense question:

> Do you find by a preponderance of the evidence that:

>> 3. Plaintiff's complaint is causally connected to the [SBHD's] decision not to renew Plaintiff's employment agreement; or, in other words, if Plaintiff had not complained, her employment agreement would have been renewed.

>> 4. [SBHD] considered a factor(s) other than Plaintiff's complaint(s) of discrimination in making its decision not to renew Plaintiff's employment agreement?

[*Id.* (Exh. B) at 5, 10.] Saridakis did not object to SBHD's inclusion of a same-decision defense for the retaliation claims but challenged the phrasing of the same-decision defense, arguing that SBHD's formulation was incorrect. The district court advised the parties to provide a joint revised verdict form.

The parties could not resolve their differences and each submitted separate final proposed verdict forms. In Saridakis's final proposed verdict form, she added a same-decision defense for only the Title VII and the FCRA discrimination

3

claims but not the retaliation claims. For the discrimination claims, Saridakis's form asked:

> Do you find by a preponderance of the evidence:
>
> . . .
>
>> 3. That [SBHD] considered a factor(s) other than Angeleke Saridakis's gender in making its decision concerning her rate of pay?
>> . . .
>> 3. That [SBHD] considered a factor(s) other than Angeleke Saridakis's gender in making its decision not to renew her employment agreement?

[R. 211-6 (Exh. F) at 3.] Saridakis did not include a same-decision defense for the retaliation claims and argued that there is no mixed-motive defense on retaliation. SBHD responded that a same-decision defense could be raised for both discrimination and retaliation claims and the court agreed with SBHD. The court accepted SBHD's final proposed verdict form, which included same-decision defense questions for retaliation under Title VII, the FCRA, and the EPA:

> B. Retaliation under the Equal Pay Act:
>
>> Do you find from a preponderance of the evidence:
>>
>> . . .

3. That [SBHD] considered a factor(s) other than Angeleke Saridakis's complaint(s) of wage discrimination in the non-renewal of her employment agreement?

. . .

F. Retaliation - Title VII and the FCRA:

Do you find by a preponderance of the evidence:

. . .

3. That [SBHD] considered a factor(s) other than Angeleke Saridakis's complaint(s) of gender discrimination in the non-renewal of her employment agreement?

[R. 211-5 (Exh. E) at 2, 4.] Jury instructions were distributed after closing arguments. The district court instructed the jury on Title VII, FCRA, and EPA retaliation claims as follows:

If you find in the Plaintiff's favor with respect to each of the facts the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the adverse employment action would have been taken for other reasons even in the absence of consideration of Plaintiff's protected activity. If you find that the adverse employment action would have been taken for reasons apart from the protected activity, then your verdict should be for the Defendant.
. . .
If you determine that Plaintiff has proved that her statutorily-protected activity was a factor motivating Defendant's decision not to renew her employment agreement, then you must consider whether the Defendant has presented any evidence that it would have made the same decision regardless of Plaintiff's protected activity. If you find Defendant has proven by a preponderance that it would have

5

made the same decision even if it had not taken Plaintiff's protected activity into account, you should make this finding on the verdict form.

[R. 178 at 8.] The jury began deliberations on March 17, 2010. On March 18, 2010, the jury sent a note to the court requesting clarification on question F.3 of the verdict form: "Need clarification on F3: Is the question to be answered as it is literally stated? Can the question be stated any other way? Need to know how question is related to retaliation." [R. 182 at 1.] The district court discussed the note with the parties and adopted language from the jury instructions, over Saridakis's objections. The court restated question F.3 as follows: "That [SBHD] would have made the decision not to renew Angeleke Saridakis's employment agreement regardless of any steps by Plaintiff to enforce her rights?" [*Id.* at 1.] An hour later the jury sent another note: "We are deadlocked on F3. We need someone to talk to us. Please!!!" [*Id.* at 2.] The jury retired and reconvened on March 22, 2010.

On March 21, 2010, Saridakis submitted a trial brief for supplemental jury instructions and an amended verdict form. Saridakis argued that a same-decision defense was not available to SBHD on the Title VII retaliation claim because the standard should be "but-for" causation under *Gross v. FBL Fin. Servs., Inc.*, 557

6

U.S. 167, 129 S. Ct. 2343 (2009). Additionally, Saridakis argued that the same-decision defense required the defendant to prove by a preponderance of the evidence that it would have made the same decision absent alleged retaliation, not merely that it had considered other factors as suggested by question F.3.

The court was not persuaded by Saridakis's brief and directed the parties to draft a response to the jury's note. Saridakis moved for a mistrial because the district court failed to revise the verdict form, but the motion was denied. With the parties' approval, the district court responded to the jury's second note and rephrased question F.3: "Do you find that [SHBD] would have made the same decision of not renewing Angeleke Saridakis's employment agreement even if it had not taken Plaintiff's protected activity into account?" [R. 182 at 3.]

The jury reached a verdict in favor of SBHD on March 22, 2010. On the retaliation claims, the jury found that SBHD's decision not to renew Saridakis's employment agreement was causally connected to Saridakis's protected activity, but that SBHD had considered a factor other than Saridakis's protected activity in deciding not to renew the agreement. The jurors were polled at Saridakis's request and each confirmed that question F.3 was answered as it was rephrased. Final judgment was entered on March 22, 2010.

7

Saridakis filed a motion to amend the judgment under Rule 59 of the Federal Rules of Civil Procedure asking the district court: (1) to amend the judgment; (2) for a new trial on compensatory damages; (3) for an evidentiary hearing; (4) for entry of declaratory relief; and (5) for injunctive relief. The district court denied the post-trial motion in its entirety on June 7, 2010. Saridakis filed this appeal on July 7, 2010.

## II.

"[W]hether the jury instructions and verdict form accurately reflect the law" is a question of law that we review *de novo*. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1072 (11th Cir. 1996). Questions of statutory interpretation are also reviewed *de novo*. *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

This court reviews "jury instructions and verdict forms together rather than separately for reversible error." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999). Where a party fails to object to the verdict form before jury deliberations, we review for plain error. *Id.* Further, this court will not review an issue raised on appeal if it is waived through the doctrine of invited error by requesting the substance of the instruction given. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

## III.

On appeal, Saridakis argues that the district court erred when it instructed the jury that SBHD could raise the same-decision defense[1] against her Title VII, FCRA, and EPA retaliation claims. In the alternative, Saridakis argues that the district court erred when it gave jurors an incorrect verdict form on the EPA retaliation claim.

A.    *Same-decision defense.*

Saridakis argues that the district court erred in giving a same-decision instruction on her Title VII, FCRA, and EPA retaliation claims. She argues that the mixed-motive/same-decision defense should be limited to the substantive discrimination provisions of Title VII. This court need not independently analyze whether the FCRA authorizes a same-decision defense to retaliation claims because the FCRA is patterned after Title VII and courts generally apply Title VII case law to retaliation claims brought under the FCRA. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004) (noting that "[t]he Florida Civil Rights Act was patterned after Title VII, and Florida courts have construed the act in accordance with decisions of federal courts interpreting Title VII"). For the

---

[1]The same-decision or mixed-motive defense requires the defendant to demonstrate by a preponderance of the evidence that the same decision would have been made even in the absence of the impermissible motivating factor.

same reason, this court rejects Saridakis's argument that the FCRA issue should be certified to the Florida Supreme Court.

1) *EPA claim.*

Saridakis did not specifically argue that there was no same-decision defense available for retaliation claims brought under the EPA until filing her post-trial motion. Prior to filing the post-trial motion, Saridakis represented that a same-decision defense was applicable to her EPA retaliation claim. In her amended verdict forms, Saridakis did not delete the mixed-motive defense as to the EPA retaliation claim. In fact, Saridakis's counsel explained during the hearing on her trial brief that the EPA questions were correctly stated. The first time Saridakis raised the argument against the same-decision defense on the EPA retaliation claim was in her post-trial motion. Thus, Saridakis failed to preserve her objection on this issue.

2) *Title VII claim.*

A plaintiff establishes a Title VII discrimination violation by showing that his or her sex was "a motivating factor for any employment practice, even though other factors also motivated the practice." The Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(m). In mixed-motive discrimination cases, a court may award

the plaintiff both declaratory and injunctive relief when an employer has shown that it would have taken the same action in the absence of the illegal motive. 42 U.S.C. § 2000e-5(g)(2)(B). However, a court may not award damages or order the plaintiff hired, reinstated, or promoted. *Id.* This court has held that a same-decision defense applies to retaliation claims brought under Title VII. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001).

Saridakis argues that the Civil Rights Act of 1991 ("CRA") limited the application of the same-decision doctrine to cases involving discrimination and that the Supreme Court's decision in *Gross* is controlling. In *Gross*, the Supreme Court held that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross*, 557 U.S. at __, 129 S. Ct. at 2350. To prove a disparate-treatment claim under the ADEA, a plaintiff must prove "that age was the 'but-for' cause of the employer's adverse decision." *Id.* Unlike Title VII, the burden of persuasion does not shift to the party defending an alleged mixed-motive discrimination claim under the ADEA. *See id.* at __, 129 S. Ct. at 2348.

Although Saridakis argues that *Gross* is controlling in this case for Title VII, this court has not addressed whether *Gross* requires a but-for causation standard and prohibits a same-decision defense for retaliation claims brought

11

under Title VII. Notably, there is a circuit split between the Fifth and Seventh Circuits on this issue. The Fifth Circuit held in *Smith v. Xerox Corporation* that the same-decision/mixed-motive defense applies to Title VII retaliation cases because the ADEA and Title VII are materially different and *Gross* is not controlling for the standard of causation and shifting burdens in a Title VII retaliation case. *Smith*, 602 F.3d 320, 329–30 (5th Cir. 2010). In *Serwatka v. Rockwell Automation, Inc.*, the Seventh Circuit recognized that Title VII does not authorize a mixed-motive retaliation claim because there is no language in the CRA stating that an adverse employment decision motivated in part by retaliation but also by one or more legitimate factors constitutes a violation of Title VII. *Serwatka*, 591 F.3d 957, 962–63 (7th Cir. 2010).

However, our decision in *Pennington* is controlling, holding that a same-decision defense applies to retaliation claims brought under Title VII. *See* 261 F.3d at 1269. *Gross* is not controlling because it is an ADEA case, and the ADEA and Title VII have materially different burdens of persuasion. Accordingly, we conclude that the district court did not err in giving a same-decision instruction on Saridakis's Title VII, FCRA, and EPA retaliation claims.

B. *Verdict form.*

12

Under Federal Rule of Civil Procedure 51, "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." FED. R. CIV. P. 51. Objections to the form of interrogatories on a special verdict form must be raised before the jury is charged, or they are waived. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999). In *Farley*, the defendant's own proposed jury instruction used the same language to which defendant later objected in the verdict form, and this court held that the defendant waived its objection to the verdict form interrogatory. *Id.* at 1331.

Although SBHD argues to the contrary, the record supports that Saridakis preserved this issue—that the mixed-motive defense should not have been available to SBHD on Saridakis's retaliation claims—before the jury began its deliberations. During the charge conference on March 16, 2010, Saridakis argued that SBHD's statement of the same-decision defense in the jury instructions and verdict form was incorrect. However, she waived her right to argue that issue on appeal because she conceded that the question, as submitted to the jury, was correct. On March 17, 2010, the trial court heard arguments on the parties' final proposed verdict forms. Saridakis argued that a mixed-motive defense should not be allowed on the Title VII retaliation claim, but made no argument that the

13

language used in SBHD's proposed verdict form for the EPA retaliation was incorrect. Further, she admitted that the verdict form submitted to the jury correctly stated the EPA retaliation mixed-motive defense. [R. 199 at 13.] ("[W]e went back into the verdict form and changed only the Title VII questions. We didn't change the EPA questions. Those are correctly stated.") Saridakis invited the alleged error by objecting to language in the verdict form that she previously conceded was correct. Thus, the issue is waived on appeal.

## IV.

For the foregoing reasons, we affirm the judgment entered on the jury's verdict.

**AFFIRMED.**