**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PETER G. BUKIRI,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General;<br>DEPARTMENT OF JUSTICE; BUREAU<br>OF ALCOHOL, TOBACCO, FIREARMS<br>AND EXPLOSIVES,<br><br>　　　　　Defendants - Appellees. | No. 15-56524<br><br>D.C. No. 8:15-cv-00894-JLS-DFM<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California, Santa Ana
David O. Carter, District Judge, Presiding

Argued and Submitted April 5, 2016
Pasadena, California

Before: FARRIS, Circuit Judge,  TYMKOVICH, Chief Judge,<sup>**</sup>  and M. SMITH,
Circuit Judge.

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　**　　The Honorable Timothy M. Tymkovich, Chief Judge for the Tenth
Circuit Court of Appeals, sitting by designation.

Peter Bukiri appeals the district court's denial of his request for a preliminary injunction. The district court concluded Bukiri was not likely to succeed on the merits of his discrimination claim against the United States Attorney General, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives under the Rehabilitation Act, 29 U.S.C. §§ 701–797b. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we AFFIRM.

ATF hired Bukiri in 2010 for a position at its headquarters in Washington, D.C. Shortly after starting, Bukiri requested a hardship transfer to California so he could care for his wife, who suffers from disabilities relating to an auto accident. These disabilities arose before Bukiri began working for ATF. ATF granted Bukiri's request, and Bukiri served in several positions in California. But in August 2014, ATF informed Bukiri it was transferring him back to its D.C. headquarters because of agency staffing needs. Bukiri filed a second hardship transfer request to remain in California. ATF denied his request and, after two extensions, he transferred to D.C. Bukiri then commenced internal agency proceedings challenging the transfer, which are ongoing.

Bukiri also filed a complaint for a preliminary injunction with the district court. The basis for Bukiri's complaint is that ATF violated the Rehabilitation Act

2

by transferring him because of his wife's disabilities. That is, the disability dictating the discrimination alleged here is not Bukiri's, but his wife's.

To obtain a preliminary injunction, among other things, Bukiri was required to show he is likely to succeed on the merits of his claim. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We review the district court's denial of Bukiri's request for a preliminary injunction for abuse of discretion. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011).

The Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination, *see Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *abrogated on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 (1990), and incorporates the employment-related standards of Titles I and V of the Americans with Disabilities Act (ADA). 29 U.S.C. § 791(f); 29 C.F.R. § 1614.203. The ADA extends to discrimination by association, which includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C.

§ 12112(b)(4).[1]

The only evidence Bukiri offers to show ATF discriminated against him is that the agency denied his second hardship transfer request partly because of the preexisting nature of his wife's disabilities. ATF's hardship transfer policy provides accommodations for employees experiencing certain hardships. But the policy expressly excludes hardships that arose *prior* to an employee's tenure with

---

[1] We recognize that the standard for proving an associational discrimination claim is an open question in this circuit, and that other circuits have endorsed varying views. *Compare Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1085 (10th Cir. 1997) (adopting standard that focuses on whether "the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was *a determining factor* in the employer's decision" (emphasis added)) *with Larimer v. Int'l Bus. Machines Corp.*, 370 F.3d 698, 700–02 (7th Cir. 2004) (adopting standard that requires plaintiff to show his or her case falls within one of three categories of cases encompassing intended scope of associational discrimination subsection). We also recognize that after the Supreme Court's decisions in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009) and *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), circuits have retreated from the motivating factor standard of causation in ADA cases, which we first endorsed in *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053 (9th Cir. 2005). *See Gentry v. E. W. Partners Club Mgmt. Co.*, — F.3d —, 2016 WL 851673 (4th Cir. Mar. 4, 2016); *Palmquist v. Shinseki*, 689 F.3d 66 (1st Cir. 2012); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc); *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957 (7th Cir. 2010). *See also Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1002 (8th Cir. 2012); *Doe v. Bd. of Cty. Comm'rs of Payne Cty.*, 613 F. App'x 743, 747 n.3 (10th Cir. 2015); *Wesley–Dickson v. Warwick Valley Cent. Sch. Dist.*, 586 F. App'x 739, 745 n.3 (2d Cir. 2014). Although this issue presents an interesting legal question, the pertinent standard is not outcome determinative in this appeal. Bukiri cannot satisfy any of the potential standards.

the agency. Bukiri argues ATF's refusal to grant him relief under the policy because his wife's disabilities were preexisting shows that his transfer was predicated on a discriminatory motive. This reasoning lacks merit. ATF's denial of a hardship accommodation has no bearing on its motive for the transfer itself. And, in any event, the evidence actually supports ATF's explanation that it was motivated strictly by agency staffing needs. The district court did not err in finding that Bukiri was not entitled to a preliminary injunction because his evidence failed to establish a likelihood of success on the merits.

We therefore AFFIRM the district court.