**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL J. MURRAY, M.D. - a married man,

*Plaintiff-Appellant,*

v.

MAYO CLINIC, a Minnesota nonprofit corporation; MAYO CLINIC ARIZONA, an Arizona nonprofit corporation; WYATT DECKER, M.D. - husband; GEORGIANNA DECKER, wife; LOIS KRAHN, M.D. - wife; ERIC GORDON, M.D. - husband; TERRENCE TRENTMAN, M.D. - husband; LARALEE TRENTMAN, wife; WILLIAM STONE, M.D. - husband; MAREE STONE, wife; DAVID ROSENFELD, M.D. - husband; MELISSA ROSENFELD, M.D. - wife; ROSHANAK DIDEHBAN, a single woman,

*Defendants-Appellees.*

No. 17-16803

D.C. No.
2:14-cv-01314-
SPL

OPINION

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

Filed August 20, 2019

Before:  Ronald M. Gould and Sandra S. Ikuta, Circuit
Judges, and Benita Y. Pearson,[*] District Judge.

Opinion by Judge Pearson

## SUMMARY[**]

### Employment Discrimination

The panel affirmed the district court's judgment, after a
jury trial, in favor of the defendants in an employment
discrimination action under Title I of the Americans with
Disabilities Act.

The panel held that the district court correctly instructed
the jury to apply a but for causation standard, rather than a
motivating factor standard. The panel concluded that *Head
v. Glacier Northwest, Inc.*, 413 F.3d 1053 (9th Cir. 2005),
holding that ADA discrimination claims are evaluated under
a motivating factor causation standard, is no longer good law
because its reasoning is clearly irreconcilable with the
Supreme Court's rulings in *Gross v. FBL Fin. Servs., Inc.*,
557 U.S. 167 (2009), and *Univ. of Texas Southwestern Med.
Ctr. v. Nassar*, 570 U.S. 338 (2013).  Agreeing with other
circuits, the panel held that an ADA discrimination plaintiff

---

[*] The Honorable Benita Y. Pearson, United States District Judge for
the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

bringing a claim under 42 U.S.C. § 12112 must show that the adverse employment action would not have occurred but for the disability.

The panel addressed other issues in a simultaneously filed memorandum disposition.

---

**COUNSEL**

Roger L. Cohen (argued), Jaburg Wilk P.C., Phoenix, Arizona; Scott A. Blaney, Blaney Law PLLC, Phoenix, Arizona; for Plaintiff-Appellant.

John F. Lomax, Jr. (argued) and Kelly Kszywienski, Snell & Wilmer L.L.P., Phoenix, Arizona, for Defendants-Appellees.

---

**OPINION**

PEARSON, District Judge:

Plaintiff Michael Murray appeals the district court's instruction to the jury on his claim under the Americans with Disabilities Act ("ADA"), requiring him to prove that he was discharged because of his disability. Murray claims that our decision in *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053 (9th Cir. 2005), holding ADA discrimination claims are

evaluated under a motivating factor causation standard, remains good law. Because it is not, we affirm.**[1]**

I.

Dr. Murray filed suit against Mayo Clinic, Mayo Clinic Arizona, Drs. Wyatt Decker, Lois Krahn, Terrence Trentman, William Stone, and David Rosenfeld, and Operations Administrator Roshanak Didehban. In anticipation of trial, the parties submitted joint proposed jury instructions. The parties disagreed whether Murray's ADA discrimination claim should be tried under a but-for causation standard or a motivating factor causation standard. Murray argued that our decision in *Head* required him to show only that the defendants' belief that he had a disability was a motivating factor in their adverse employment decision. He accordingly requested the following instruction:

> As to Dr. Murray's claim that his disability was the reason for Mayo Clinic Arizona's decision to discharge him, Dr. Murray has the burden of proving the following evidence by a preponderance of the evidence:
>
> . . .
>
> 3. Dr. Murray was discharged because Defendants regarded him as disabled, which means that Defendants' belief that Plaintiff

---

**[1]** In a memorandum disposition filed simultaneously with this opinion, we affirm the district court as to all other issues raised by Murray.

had a disability was a motivating factor in Defendants' decision to terminate him.

The district court instead instructed the jury to apply a but-for causation standard to Murray's ADA claim. The instruction provided that Murray must prove he was discharged *because of* his disability:

> As to Dr. Murray's claim that his disability was the reason for Mayo Clinic Arizona's decision to discharge him, Dr. Murray has the burden of proving the following evidence by a preponderance of the evidence:
>
> . . .
>
> 3. Dr. Murray was discharged because of his disability.

In denying Murray's motion for reconsideration, the district court found that the Supreme Court's rulings in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), and *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013), abrogated our reasoning in *Head*. The district court concluded that the but-for causation standard applied.

At trial, the jury returned a verdict for Defendants on all claims. Following entry of judgment, Murray timely filed a notice of appeal.

## II.

"A district court's formulation of the jury instructions is reviewed for 'abuse of discretion.' If, however, 'the instructions are challenged as a misstatement of the law, they

are then reviewed de novo.'" *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000) (per curiam) (citation omitted) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999)).    Jury instructions must fairly and adequately cover the issues presented and must not be misleading. *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013).

### A.

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual *on the basis of disability* in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added).

Title I of the ADA also contains an enforcement provision, which cross-references specific portions of Title VII:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of [Title VII] shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . . .

42 U.S.C. § 12117(a). Of the cross-referenced sections, only § 2000e-5 references a causation standard. Specifically, that section provides: "[o]n a claim in which an individual proves a violation under section 2000e-2(m) of this title and a

respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor," the court may award only limited relief. 42 U.S.C. § 2000e-5(g)(2)(B). Section 2000e-2(m), in turn, provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

## B.

We first analyzed the standard for causation in a Title I ADA discrimination action in *Head v. Glacier Northwest, Inc.* In that case, we addressed "whether the ADA's use of the causal language 'because of,' 'by reason of,' and 'because' means that discriminatory and retaliatory conduct is proscribed only if it was *solely* because of, *solely* by reason of, or *solely* because an employee was disabled or requested an accommodation." *Head*, 413 F.3d at 1063–64. We concluded that, under the "plain language of the ADA . . . 'solely' [was] not the appropriate causal standard under any of the ADA's liability provisions." *Id.* at 1065.

Considering whether the ADA instead requires but-for causation, or merely a showing that the disability was a motivating factor of the discrimination, we joined seven other circuits in concluding that "a 'motivating factor' standard [was] most consistent with the plain language of the statute and the purposes of the ADA." *Id.* We thus held "the ADA outlaws adverse employment decisions motivated, even in part, by animus based on a plaintiff's disability or request for an accommodation—a motivating factor standard." *Id.*

In so holding, we relied in part on the reasoning of our sister circuits. *See id.* at 1065 n.63. The Fifth and Eighth Circuits had held the motivating factor standard applied to the ADA by virtue of the ADA's incorporation in § 12117 of Title VII's remedies in § 2000e-5.[2] *See Buchanan v. City of San Antonio*, 85 F.3d 196, 200 (5th Cir. 1996); *Pedigo v. P.A.M. Transp., Inc.*, 60 F.3d 1300, 1301 (8th Cir. 1995).[3]

The Second and Seventh Circuits had concluded that ADA discrimination claims, like Title VII discrimination claims, only required a showing that discrimination motivated an employer's adverse employment action. This is because ADA and Title VII, at the time, both used the words "because of" to indicate causation, suggesting Congress intended the statutes to employ the same causation standard. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000), *overruled by Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019); *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1033 (7th Cir. 1999), *overruled by Serwatka v. Rockwell Automation Inc.*, 591 F.3d 957 (7th Cir. 2010). Both courts acknowledged that, although § 2000e-2(m) is not, by its terms, specifically applicable to ADA cases, Congress intended the mixed-motive framework to apply to ADA claims. *Parker*, 204 F.3d at 337; *Foster*, 168 F.3d at 1033.

---

[2] Similarly, the Fourth Circuit had found the motivating factor standard applied in a Title II ADA case through the ADA's incorporation in 42 U.S.C. § 12133 of the remedies set forth in 29 U.S.C. § 794a, which, in turn, incorporated the remedies in 42 U.S.C. § 2000e-5. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 470 (4th Cir. 1999).

[3] The First Circuit relied on *Pedigo*, without additional analysis, in applying the motivating factor standard. *Katz v. City Metal Co.*, 87 F.3d 26, 33 (1st Cir. 1996).

## C.

Four years after our decision in *Head*, the Supreme Court decided *Gross v. FBL Financial Services, Inc.* The Court held that the Age Discrimination in Employment Act ("ADEA")—which makes it unlawful for an employer to discharge or discriminate against any individual "because of such an individual's age"—requires the plaintiff to "prove that age was the 'but-for' cause of the employer's adverse decision." *Gross*, 557 U.S. at 177–78. In so doing, the Court declined to extend[4] the "motivating factor" standard of causation to employment discrimination cases brought under the ADEA. *Id.* Four years after *Gross*, the Supreme Court in *Nassar* again declined to extend the motivating factor standard, this time to Title VII retaliation claims. 570 U.S. at 362–63.

Against this backdrop, "circuits have retreated from the motivating factor standard of causation in ADA cases." *Bukiri v. Lynch*, 648 F. App'x 729, 731 n.1 (9th Cir. 2016) (collecting cases). We have not yet decided whether *Gross* and *Nassar* have "eroded *Head's* vitality." *Mendoza v. Roman Catholic Archbishop of L.A.*, 824 F.3d 1148, 1150 n.1 (9th Cir. 2016) (per curiam). We do so now.

## D.

Murray contends that the motivating factor standard applies because we are bound by our decision in *Head*. We disagree.

---

[4] The Supreme Court recognized the "motivating standard" of causation as the appropriate standard for employment discrimination actions brought under Title VII of the Civil Rights Act of 1964. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 258 (1989) (plurality opinion).

Generally, a three-judge panel may not overrule a prior decision of the court. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). If, however, "an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point," the three-judge panel may then overrule prior circuit authority. *Id.* (quoting *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002)). The issue decided by the higher court need not be identical. *Id.* at 900. The appropriate test is whether the higher court "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.*

"The 'clearly irreconcilable' requirement is 'a high standard.'" *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) (quoting *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013)). "It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal citation omitted) (quoting *United States v. Orm Hieng*, 679 F.3d 1131, 1140–41 (9th Cir. 2012), and *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (per curiam)). If the court can apply prior circuit precedent without running afoul of the intervening authority, it must do so. *Id.*

Because *Head*'s reasoning is clearly irreconcilable with *Gross* and *Nassar*, we overrule *Head*'s holding that a plaintiff bringing a discrimination claim under Title I of the ADA need show only that a disability was a motivating factor of the adverse employment action. We hold instead that an ADA discrimination plaintiff bringing a claim under

42 U.S.C. § 12112 must show that the adverse employment action would not have occurred but for the disability.

In *Head*, we relied on the reasoning of our sister circuits and our existing precedent in finding that a motivating factor was most consistent with the ADA's plain language and purpose. *Head*, 413 F.3d at 1065 & nn.63–64. Our prior precedent, however, provides no further analysis of the text or purpose of the ADA in support of applying a motivating factor causation standard. *See Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir. 2004); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001).[5] Additionally, *Gross* and *Nassar* undercut the reasoning set forth by our sister circuits.

*Gross* held that the ADEA, which also used "because of" to indicate causation, did not permit mixed-motive claims because "the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." 557 U.S. at 174. The Court rejected the argument that Title VII decisions governed interpretation of the ADEA on the basis that the two statutes were distinguishable. *Id.* ("[W]e 'must be careful not to apply the rules applicable under one statute to a different statute without careful and critical examination.'" (quoting

---

[5] *Head* noted *Hernandez*'s characterization of the burden on an ADA plaintiff as "proving that 'disability actually played *a* role in the employer's decisionmaking process and had a determinative influence on the outcome.'" *Head*, 413 F.3d at 1065 (quoting *Hernandez*, 362 F.3d at 568 (emphasis in *Head*)). *Head* also observed *Snead*'s statement that a plaintiff must demonstrate that "a discriminatory reason *more likely motivated* the employer." *Head*, 413 F.3d at 1065 (quoting *Snead*, 237 F.3d at 1094 (emphasis in *Head*)). Neither statement requires a motivating factor standard.

*Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 393 (2008)). The Court explained,

> Unlike Title VII, which has been amended to explicitly authorize discrimination claims where an improper consideration was a 'motivating factor' for the adverse action, the ADEA does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor. Moreover, Congress neglected to add such a provision to the ADEA when it added §§ 2000e-2(m) and 2000e-5(g)(2)(B) to Title VII, even though it contemporaneously amended the ADEA in several ways.

*Id.* (citations omitted).

*Gross*'s reasoning directly contradicts the textual reasoning *Head* and other courts applied to conclude that Title VII's motivating factor standard applied to ADA claims. *See Parker*, 204 F.3d at 337; *Foster*, 168 F.3d at 1033. Like the ADEA, and unlike Title VII, the ADA does not contain any explicit "motivating factor" language. *See Gross*, 557 U.S. at 174. Rather, Title I of the ADA provides that a plaintiff must show discrimination "on the basis of disability." 42 U.S.C. § 12112(a). Under *Gross*, the phrase "on the basis of disability" indicates but-for causation. *Gross*, 557 U.S. at 176; *see also Nassar*, 570 U.S. at 350 (explaining *Gross*'s holding that "because of," "by

reason of," "on account of," and "based on" all indicate a but-for causal relationship).**[6]**

*Nassar*'s reasoning likewise directly undercuts the reasoning of courts that relied on the ADA's incorporation in § 12117 of § 2000e-5. *See Buchanan*, 85 F.3d at 200; *Pedigo*, 60 F.3d at 1301; *cf. Baird ex rel. Baird v. Rose*, 192 F.3d 462, 470 (4th Cir. 1999) (ADA Title II's incorporation of § 2000e-5). *Nassar* rejected the argument that § 2000e-2(m), Title VII's motivating factor causation provision, applies to Title VII retaliation claims. *Nassar*, 570 U.S. at 353. The Court emphasized that "the text of the motivating-factor provision, while it begins by referring to 'unlawful employment practices,' then proceeds to address only five of the seven prohibited discriminatory actions— actions based on the employee's status, *i.e.*, race, color, religion, sex, and national origin." *Id.* According to *Nassar*, the plain language of § 2000e-2(m) barred its application to retaliation claims, and "it would be improper to conclude that what Congress omitted from the statute is nevertheless within its scope." *Id.*

The same logic applies to Title I ADA discrimination claims. Relief under § 2000e-5(g)(2)(B) is available only if

---

**[6]** Title I of the ADA was amended in 2008 to prohibit discrimination "on the basis of" disability, rather than "because of" disability. We find no meaningful textual difference in the two phrases with respect to causation. The Second and Fourth Circuits likewise found no meaningful textual difference between the two standards and found nothing in the legislative history suggesting Congress intended to modify the ADA's standard for causation. *Natofsky v. City of New York*, 921 F.3d 337, 349–50 (2d Cir. 2019); *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 234 (4th Cir. 2016) (noting that the ADA amendment was enacted before *Gross*, and was therefore not in response to *Gross*'s causation analysis).

the plaintiff proves a violation under § 2000e-2(m).  Section 2000e-2(m) narrowly prohibits the consideration of race, color, religion, sex, or national origin as a motivating factor for any employment practice.  It does not prohibit the consideration of disability.  Congress's express listing of these status-based considerations under § 2000e-2(m) is best understood as an exclusion of all other considerations.  *See, e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine of *expressio unius est exclusio alterius* 'as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.'" (quoting *Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991))).  Section 2000e-2(m), by its plain language, is inapplicable to claims of disability discrimination.

Because *Head*'s reasoning—whether based on the ADA's cross-reference to § 2000e-5(g)(2)(B) or on the ADA's text—is irreconcilable with subsequent Supreme Court precedent, it cannot stand.

### III.

Our decision comports with the decisions of all of our sister circuits that have considered this question after *Gross* and *Nassar*.  The Second, Fourth, and Seventh Circuits found the Supreme Court's intervening jurisprudence to be dispositive of the issue.  *See Natofsky*, 921 F.3d at 348 ("*Gross* and *Nassar* dictate our decision here."); *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 234 (4th Cir. 2016) ("The Supreme Court's analysis in *Gross* dictates the outcome here."); *Serwatka*, 591 F.3d at 963 ("But in view of the Court's intervening decision in *Gross*, it is clear that the district court's decision . . . cannot be sustained.").  The Sixth Circuit, following *en banc* review, similarly held that

*Gross*'s reasoning was controlling. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 318 (6th Cir. 2012) (en banc) ("[*Gross*'s] rationale applies with equal force to the ADA.").

We agree. *Gross* and *Nassar* undermine *Head*'s reasoning such that the cases are clearly irreconcilable. We join our sister circuits in holding that ADA discrimination claims under Title I must be evaluated under a but-for causation standard.

**AFFIRMED.**