NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT A. DE LUNA, | No.   18-16680 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-01052-JAD-VCF |
| v. | |
| SUNRISE HOSPITAL AND MEDICAL<br>CENTER, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

On Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 5, 2020
San Francisco, California

Before:  WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

Vincent De Luna appeals from the district court's order granting summary

judgment on his race, age, and disability discrimination claims against his former

employer, Sunrise Hospital and Medical Center, LLC.  De Luna also challenges

the denial of his motion for leave to file supplemental evidence under the local

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

rules. Because the parties are familiar with the relevant facts, we do not recount them here. We review an order granting summary judgment de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994), and an application of the district court's local rules for abuse of discretion, *Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 715–16 (9th Cir. 1989). We affirm the district court's order.

1.    Summary judgment was proper on De Luna's disability discrimination claim. De Luna failed to present sufficient evidence that he was fired "on the basis of disability"—rather than for his repeated and egregious violations of Sunrise's punctuality policy. 42 U.S.C. § 12112(a); *see also Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) (holding that a plaintiff must show "but for" causation). Indeed, De Luna was tardy at least 24 times in his last 12 months of employment. Thus, he cannot show that his alleged disability was the "but for" cause of his termination.

De Luna contends that Sunrise selectively enforced its punctuality policy against him because of his disability. Yet De Luna adduced no evidence demonstrating that Sunrise treated similarly situated, non-disabled employees more favorably than him. Instead, he relies on the attendance records of an employee whose tardiness was significantly less than De Luna's. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (explaining that employees must be similarly situated "in all material respects") (citation omitted).

2

This leaves De Luna with nothing more than the conclusory statements in his declaration alleging disparate treatment—which are insufficient to create a genuine dispute of material fact. *See Brown v. City of Tucson*, 336 F.3d 1181, 1188 (9th Cir. 2003) ("Under Ninth Circuit law, circumstantial evidence of pretext must be *specific and substantial* in order to survive summary judgment.") (emphasis added) (simplified).

2.    De Luna's failure-to-accommodate claim is equally without merit because he offered insufficient evidence to show that he notified Sunrise of his need for a disability-related accommodation. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188–89 (9th Cir. 2001) (holding that an employer generally has no duty to provide an accommodation unless one is requested). De Luna's threadbare declaration is contradicted by the documentary evidence in the record, which shows that De Luna failed to mention his disability each time he communicated with Sunrise about his schedule or tardiness. In fact, De Luna consistently admitted to Sunrise that his tardiness was caused by factors wholly unrelated to his alleged disability, such as "traffic" and "difficulty sleeping from spreading [him]self too thin." On this record, De Luna's conclusory declaration is at most a mere "scintilla" of evidence, which is not enough to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

3.    De Luna's claims of race and age discrimination fare no better. De

Luna's repeated violations of Sunrise's punctuality policy counter any suggestion that he was performing satisfactorily and according to his employer's legitimate expectations. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (recognizing that age discrimination plaintiffs must show that they were "performing [their] job satisfactorily"); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (recognizing that a prima facie case for race discrimination must include a showing that the plaintiff was "performing according to [the] employer's legitimate expectations").

4.      Finally, the district court acted within its discretion to deny De Luna leave to file a supplemental witness declaration after the completion of summary judgment briefing. The district court's local rules required De Luna to show "good cause" for submitting such late evidence. *See* D. Nev. LR 7-2(g). He failed to do so. Accordingly, the district court did not abuse its discretion in denying De Luna's motion for leave to file the supplemental declaration.

**AFFIRMED.**