NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE R. MEYER,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>LOUIS DEJOY, Postmaster General,<br><br>          Defendant-Appellee. | No.   20-16833<br><br>D.C. No. 2:17-cv-00524-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted June 24, 2022
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,[**] District Judge.

Jesse R. Meyer appeals from the district court's judgment in an action against the Postmaster General alleging disability-based employment discrimination. She asserts four theories of discrimination: disparate treatment, denial of reasonable accommodation, retaliation, and hostile work environment.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

The district court dismissed the first two theories and granted summary judgment to the Postmaster General on the others. It also imposed discovery sanctions against Meyer and denied her motions (1) for an extension of time to respond to the Postmaster General's dispositive motions and (2) to strike the Postmaster General's dispositive motions and stay the case. Meyer appeals those decisions. We review the district court's grant of summary judgment de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We review the district court's imposition of sanctions and denial of an extension of time for abuse of discretion. *Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. No genuine issue of material fact exists as to Meyer's claims of disparate treatment and denial of reasonable accommodation. The district court dismissed those claims for failure to exhaust administrative remedies, which both parties now agree was error. But the Postmaster General filed an alternative summary judgment motion challenging those claims, and we may affirm on any basis supported by the record. *Wood v. City of San Diego*, 678 F.3d 1075, 1086 (9th Cir. 2012).

Meyer argues that she was subjected to disparate treatment based on her disability because she was not awarded a new postal route despite being the most

senior bidder for that route. Even assuming that Meyer has made out a prima facie case of disparate treatment, the Postmaster General has satisfied his burden to articulate a legitimate, nondiscriminatory reason for the employment decision. *See Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The decision not to award Meyer the new route was made not because of her disability but because she refused to respond to a medical inquiry by providing documentation that she would be able to perform the essential functions of the job. Under the Rehabilitation Act, the Postal Service could permissibly make that inquiry. *See* 42 U.S.C. § 12112(d); 29 U.S.C. § 791(f) (applying standards of "title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.)" to federal agencies, including the U.S. Postal Service); *Harris v. Harris & Hart, Inc.*, 206 F.3d 838, 841–42 (9th Cir. 2000).

Meyer argues that the loss of the route resulted in a corresponding "denial of any opportunity to exercise her rights to reasonable accommodation." But "lost opportunity" to seek reasonable accommodation is not an independent basis for an employment discrimination claim. *See* 42 U.S.C. § 12112(b)(5)(A). Meyer never sought reasonable accommodation for the route, so reasonable accommodation was never denied. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000) (en banc), v*acated on other grounds sub nom. U.S. Airways, Inc. v. Barnett*, 535 U.S.

391 (2002). The Postal Service does not have the burden to initiate the accommodation process for an employee who is able to make the request herself. *Id.* at 1112–14.

2.      The district court correctly granted summary judgment to the Postmaster General on Meyer's retaliation claim. Meyer failed to show that she participated in protected activity that was the but-for cause of any action taken by the Postal Service. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *University of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47 (2013) (requiring but-for causation); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1104–07 (9th Cir. 2019) (extending *Nassar* to Americans with Disabilities Act retaliation). The parties agree that Meyer engaged in protected conduct by filing two Equal Employment Opportunity actions, but the retaliatory actions that Meyer complains of occurred *before* those filings.

3.      The district court correctly granted summary judgment to the Postmaster General on Meyer's hostile work environment claim. Even assuming that such a claim is cognizable under the Rehabilitation Act, *see Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003); 42 U.S.C. § 12112(a), Meyer has nevertheless failed to show that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

4

environment,'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citation omitted).

4.      The district court did not abuse its discretion by imposing discovery sanctions on Meyer for repeatedly leaving examinations before they were complete. Federal Rule of Civil Procedure 30(d)(2) allows the court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Likewise, Rule 37(b) provides for sanctions, including the payment of reasonable expenses, for the failure to comply with a discovery order.

The district court imposed economic sanctions limited to the examiner's travel costs and two hours of additional time to complete the examination. That cost-shifting sanction was justified by the court's findings that "there is no dispute that Plaintiff either knew or should have known how long the examination would take" and that "Plaintiff did not object to that length." Any claim that the district court abused its discretion by imposing a sanction barring Meyer from presenting damages-related evidence is moot because we affirm the grant of summary judgment on all theories of liability.

5.      The district court did not abuse its discretion by denying Meyer's motion for an extension of time to respond to the Postmaster General's dispositive

motions, and Meyer has abandoned her alternative challenges to strike the dispositive motions and stay the case. Federal Rule of Civil Procedure 6(b)(1) provides that a district court may extend the time for filing "for good cause." But Meyer had already caused considerable delay, and she failed to demonstrate good cause solely by arguing that, in mid-2020, her counsel was sheltering out-of-state due to the Covid-19 pandemic. *Cf. Ahanchian*, 624 F.3d at 1258–59.

**AFFIRMED**.