

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAJA KANNAN,

               Plaintiff-Appellant,

  v.

APPLE, INC.,

               Defendant-Appellee.

No. 20-17211

D.C. No. 5:17-cv-07305-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted August 29, 2022[**]
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Raja Kannan ("Kannan") appeals from the district court's grant of Apple,

Inc.'s ("Apple") motion for summary judgment on his unlawful discrimination,

retaliation, and wrongful termination claims.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kannan was employed by Apple in its Cupertino, California, office between August 2011 and April 2017. He began working in the Apple Product Support group, managed by Joseph Kotni, in November 2013, and he left the group in April 2017. While he worked with Kotni's group, Kannan received neither a promotion to the IC5 level nor Discretionary Restricted Stock Units ("RSUs").

Kannan filed a complaint against Apple alleging that it discriminated against him because his son has autism by denying him both a promotion to the IC5 level and awards of Discretionary RSUs. Kannan's amended complaint pleaded causes of action for, *inter alia*, discrimination on the basis of both perceived disability and relationship to a person with a disability in violation of the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA"); unlawful retaliation in violation of the ADA and FEHA; and wrongful discharge in violation of public policy.

The district court granted Apple's motion for summary judgment on all claims in Kannan's amended complaint. We have jurisdiction to review its order under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and apply the same standard as the district court did. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001). We affirm.

Under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), framework for analyzing ADA and FEHA claims, the plaintiff must first establish a prima facie case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie case under the ADA and FEHA, Kannan must show that "(1) []he is disabled within the meaning of the ADA; (2) []he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) []he suffered an adverse employment action because of [his] disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)).

Kannan has not established the third prong of a prima facie case, which requires that he establish that any adverse employment actions "would not have occurred but for [his] disability." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019). The employment actions at issue were subject to final approval by Kotni's manager, not Kotni. It is undisputed that Kotni's manager did not know that Kannan had an autistic son and did not perceive Kannan as autistic at any point during Kannan's employment at Apple. He thus could not have denied Kannan a promotion and Discretionary RSUs because of a perceived or associational disability. Even if any animus of Kotni's could be imputed to

3

Kotni's manager under a "cat's paw" theory of discrimination, *see Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007), there is insufficient evidence in the record to establish that Kotni took adverse actions against Kannan because of a perceived or associational disability. To the contrary, there is undisputed evidence that Kotni never expressed concerns with Kannan's need for a flexible work schedule and that he repeatedly advocated for Kannan's career advancement.

Even if Kannan had established a prima facie case of discrimination, summary judgment to Apple would be appropriate. Apple has presented undisputed legitimate, non-discriminatory reasons for not promoting Kannan and not awarding him Discretionary RSUs. *See St. Mary's*, 509 U.S. at 506–07 (step two of the *McDonnell Douglas* framework). Kannan did not have the same level of responsibility as the IC5s in Kotni's group. He was given lower priority for RSUs because he had less responsibility, had less management experience, and received less favorable performance reviews than his relevant colleagues. Kannan has not established that these reasons were pretextual.

Summary judgment in favor of Apple on Kannan's retaliation and wrongful termination claims was also appropriate. He has not shown that "there was a causal link between [his] protected activity and the adverse employment action."

4

*Poland*, 494 F.3d at 1180.  He also has not shown that he faced "unendurable working conditions."  *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004).

**AFFIRMED.**