NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK KLAMRZYNSKI,

   Plaintiff-Appellant,

v.

MARICOPA COUNTY COMMUNITY
COLLEGE DISTRICT, a jural entity; et al.,

   Defendants-Appellees.

No. 22-16752

D.C. No. 2:21-cv-01327-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued September 15, 2023
Arizona State U Phoenix

Before: HURWITZ, BUMATAY, and DESAI, Circuit Judges.

  Mark Klamrzysnki appeals a district court's order granting summary judgment in favor of the Maricopa County Community College District ("the District") on Klamrzynski's claims that the District violated the Americans with

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Disabilities Act ("ADA") and the Arizona Civil Rights Act ("ACRA").[1]

We review district court decisions granting summary judgment de novo. *Sjazer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). We apply the same standard as the district court under Federal Rule of Civil Procedure 56(c). *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (citation omitted). We also follow the familiar *McDonnell Douglas* framework to resolve Klamrzynski's claims. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (citing *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Klamrzynski argues the district court should have applied the "motivating factor standard" from *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063–68 (9th Cir. 2005) to his claims. But we have already held that *Head* is no longer good law. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1102 (9th Cir. 2019). While Klamrzynski contends that a later panel cannot overrule *Head*, a three-judge panel can treat the decision of a prior panel as abrogated when "an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002) (simplified). That's what happened here. *Murray*, 934 F.3d at 1104–05. And we're

---

[1] ACRA claims are resolved under the same framework and standard as ADA claims, so we frame our analysis in terms of the ADA. *See Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762 (9th Cir. 1997).

bound by *Murray*'s determination that *Head* is no longer good law.

2. Klamrzynski next contends the district court erred in finding that his non-professional emails constituted "a legitimate, nondiscriminatory reason" for the District's adverse employment decision. *See EEOC v. Boeing*, 577 F.3d 1044, 1049 (9th Cir. 2009) (simplified). We disagree. Discourteous conduct can be "a legitimate, nondiscriminatory reason" for nonrenewal. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (concluding "behavior not in accordance with customary business practices" constituted a nondiscriminatory reason for adverse action in the Title VII context). Because the District only needed to present a legitimate, nondiscriminatory reason for its decision, its production of the emails satisfies this requirement. *See Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 256–57 (1981).

3. Klamrzynski failed to produce "specific and substantial" evidence that the District's proffered reason for nonrenewal was merely a pretext for discrimination. *See Boeing*, 577 F.3d at 1049. The only evidence Klamrzynski produced to show pretext was the timing of his heart attack in relation to the District's nonrenewal decision. By itself, temporal proximity is insufficient to show pretext. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). And there's no other evidence in the record supporting the conclusion that the District's explanation for the nonrenewal decision was pretextual.

The district court's judgment is **AFFIRMED.**