NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN BROWN,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CEMEX CONSTRUCTION MATERIALS<br>PACIFIC, LLC,<br><br>    Defendant - Appellee. | No. 24-4966<br><br>D.C. No.<br>2:22-cv-02128-WBS-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 21, 2025
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Plaintiff Brian Brown ("Brown") appeals the district court's grant of

summary judgment to defendant CEMEX Construction Materials Pacific, LLC

("CEMEX").  Brown, who uses a lower leg prosthetic, alleged that CEMEX failed

to hire him as a cement truck driver because of his disability.  He asserts three

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and one claim under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq.*[1]

We review de novo the district court's grant of summary judgment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We apply the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), framework to analyze ADA and FEHA disability discrimination claims.[2] *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie failure-to-hire case under the ADA, the plaintiff "must show that (1) []he is disabled within the meaning of the ADA; (2) []he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) []he suffered an adverse employment action because of [his] disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237

---

[1] Brown originally asserted an additional FEHA claim for failure to engage in the interactive process. The parties voluntarily agreed to dismiss this claim, and it is therefore not addressed in this disposition.

[2] "Because the FEHA provisions relating to disability discrimination are based on the ADA," we analyze "state and federal disability claims together, relying on federal authority in the absence of contrary or differing state law." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001).

(9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)). The third prong requires that the plaintiff establish that any adverse employment actions "would not have occurred but for [his] disability." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019).

Here, the district court found that Brown failed to establish his prima facie case because he offered no evidence of the third prong: that CEMEX failed to hire him *because of* his disability. The district court reasoned that this lack of evidence entitled CEMEX to judgment as a matter of law. We affirm.

On this record, we agree with the district court that Brown failed to establish a prima facie case of disability discrimination. It is undisputed that at least one panelist who interviewed Brown for the position, Tony Skulick ("Skulick"), was aware of his disability. It is also undisputed, however, that during the interview process, no one at CEMEX ever made a comment to Brown regarding his disability or his ability to do his job. Brown relies instead on circumstantial evidence, arguing that CEMEX materially misrepresented his interview answers in the panelists' interview notes to artificially give him a low interview score. Brown contends that these misrepresentations are made more suspicious by the fact that another interview panelist, Vince Ramirez ("Ramirez"), denied having any prior knowledge of Brown's disability or having previously visited Brown's work site, despite evidence to the contrary in the record.

This circumstantial evidence, standing alone, does not give rise to an inference of unlawful discrimination. There is no evidence in the record that demonstrates that CEMEX misrepresented Brown's interview answers *because of* his disability. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1003 (9th Cir. 2019) ("[T]he plaintiff still must produce evidence [to establish his prima facie case], not just pleadings or argument"). Brown's showing fails to satisfy his prima facie burden because it does not contain any indicia that CEMEX's decision was motivated by his disability, as opposed to any other lawful factor. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253–54 (1981) ("The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection.").

Additionally, we agree with the district court that any discrepancies in the record regarding Ramirez's knowledge of Brown's disability may undermine Ramirez's credibility, but do not satisfy Brown's prima facie burden.

**AFFIRMED.**

24-4966