**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOL ROYSTON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF SCOTTSDALE, a municipal corporation, <br><br> Defendant - Appellee, <br><br> and <br><br> JEFFREY WALTHER, individually and in their official capacities, RICHARD SLAVIN, MATTHEW EVANS, CHRISTOPHER DIPIAZZA, JILL BOEHM, DON TELLIS, DONNA BROWN, ALEXANDER RISTUCCIA, UNKNOWN PARTIES, named as Does 1-20, <br><br> Defendants. | No. 24-6530 <br><br> D.C. No. 2:22-cv-00542-SMB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted October 23, 2025
Phoenix, Arizona

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, TALLMAN, and BADE, Circuit Judges.

Plaintiff Nichol Royston timely appeals the district court's entry of summary judgment in favor of Defendant City of Scottsdale on her claims under the Americans with Disabilities Act ("ADA"), Family and Medical Leave Act ("FMLA"), and Families First Coronavirus Response Act ("FFCRA"). We review de novo and view the evidence in the light most favorable to Plaintiff. Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1235 n.1 (9th Cir. 2012). We affirm.

1. We assume, without deciding, that Plaintiff was disabled and was qualified to work in the photo enforcement unit. Nonetheless, the district court correctly granted summary judgment to Defendant on Plaintiff's ADA claims of discrimination and failure to accommodate for two independent reasons.

a. First, Plaintiff has not shown that she suffered an adverse employment action when Defendant rescinded her transfer to the photo enforcement unit. See Samper, 675 F.3d at 1237 (stating the elements of failure-to-accommodate claims); Murray v. Mayo Clinic, 934 F.3d 1101, 1105 (9th Cir. 2019) (noting that discrimination claims require an adverse employment action). The rescission of Plaintiff's transfer, and her later transfer to a different police aide position, did not change her rank, title, or salary. Any humiliation that Plaintiff suffered, and any loss of the ability to work remotely from time to time, do not amount to an "injury

2                                                                    24-6530

respecting her employment terms or conditions." Muldrow v. City of St. Louis, 601 U.S. 346, 359 (2024); see id. at 354–55, 359 (interpreting Title VII's analogous "adverse employment action" element).

b. Second, Defendant had a legitimate, nondiscriminatory reason for transferring Plaintiff to a different position. See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001) (describing the burden-shifting framework for ADA claims); see also Murray, 934 F.3d at 1105 (stating the but-for causation standard for ADA claims). Defendant transferred Plaintiff to patrol due to the need for consistent coverage in the photo enforcement and vehicle impound units; the existing backlog in the photo enforcement unit; and Plaintiff's frequent absences. Accordingly, Defendant placed Plaintiff in a unit that would be able to operate normally during her absences. Plaintiff does not identify "specific and substantial" evidence reflecting that Defendant's stated reasons were pretextual. Becerril v. Pima Cnty. Assessor's Off., 587 F.3d 1162, 1163 (9th Cir. 2009) (per curiam) (citation omitted).

2. The district court also correctly granted summary judgment to Defendant on Plaintiff's ADA claim of retaliation. Plaintiff's transfer was not a "materially adverse" action sufficient to support an ADA retaliation claim. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (stating standard). Plaintiff also asserts a second adverse action: her supervisor's refusal, on one day, to assist

her at the vehicle impound unit's public window. But any "trivial harm[]" from that incident does not rise to the level of an adverse action. Id.; see Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1112–13 (9th Cir. 2000) (concluding that being ridiculed and criticized by a supervisor did not amount to an adverse employment action).[1]

3. Finally, the district court correctly granted summary judgment to Defendant on Plaintiff's claims under the FMLA and FFCRA. To prevail on each of those claims, Plaintiff must show that she suffered an adverse employment action. See Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1122, 1124–25 (9th Cir. 2001) (FMLA interference claim); Sanders v. City of Newport, 657 F.3d 772, 777 & n.3 (9th Cir. 2011) (FMLA retaliation claim); Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5104, 134 Stat. 178, 196–97 (2020). Again, Plaintiff's transfer does not constitute an adverse employment action. And any "increased scrutiny" of Plaintiff's FMLA file was not an adverse action. As Plaintiff acknowledged, that "scrutiny" was in fact an interactive process that Defendant customarily holds for employees who are on light duty, and it did not result in negative consequences for Plaintiff.

**AFFIRMED.**

---

[1] Although Burlington and Kortan concern Title VII claims, we analyze retaliation claims under the ADA and Title VII using the same framework. Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 850 n.5 (9th Cir. 2004).